## JACQUEMIN *v.* BUNKER.

*Malicious prosecution—Measure of damages—Charge to jury—*
*Special requests included in other charges—Acquittal as*
*proof of want of probable cause or malice—Advice of police*
*officer as defense.*

1. Damages for malicious prosecution are not limited to special damages but may include those that naturally flow from the act complained of, such as mental suffering, indignity, humiliation, the natural effect upon the reputation, incidental consequences of arrest, loss of time, expense of defending, and other losses that may have been incurred.

2. The trial court may refuse the request of counsel to give certain special charges where the rules of law contained in such charges have been fully stated in other ·charges given to the jury.

3. In an action for malicious prosecution it is not error for the trial court to refuse to give to the jury· a special charge that the acquittal of the defendant upon trial of the charge placed against him is neither proof of want of probable cause nor of malice.

4. The advice of a police officer· is not a defense to a suit for damages for malicious prosecution.

(Decided January 30, 1922,)

ERROR: Court of Appeals for Hamilton county.

*Mr. Charles M. Leslie* and *Mr. John W. Devanney,* for plaintiff in error.

*Messrs. Roettinger & Street,* for defendant in error.

HAMILTON, P. J.   The action below was for malicious prosecution, the trial resulting in a verdict for the defendant in error against the plaintiff in error in the sum of $500.

Plaintiff in error contends that the verdict and judgment are manifestly against the weight of the evidence, in that the plaintiff below failed to sustain the burden of proof on the issue of probable cause and malice, and failed to show any damage to character by reason of the prosecution, and claims error in the refusal of the trial court to give certain special charges requested by the plaintiff in error, defendant below.

A reading of the record fails to convince the court that the judgment is manifestly against the weight of the evidence. Neither do we find that the verdict and judgment should fall by reason of failure to prove injury to plaintiff's reputation and standing in the community in which he lives. Such damage would fall in the class of special damages. Damages for malicious prosecution are not limited to special damages, but the jury may allow as general damages such damages as naturally flow from the act done, like mental suffering, indignity and humiliation. The jury could, therefore, in awarding general damages consider the natural effect upon the reputation, credit and private feelings, the incidental consequences of arrest, holding to bail, consequential loss of time, expense of defending, and any other loss which he may have suffered. *Rule* v. *McGregor,* 115 Ia., 323; *Broerman* v. *Ryan,* 18 C. C., 877, and 4 Sutherland on Damages, 3579, and cases cited.

Coming now to the question of the refusal to give special charges, plaintiff in error complains that the court erred in refusing to give special charges Nos. 2, 3, 6 and 9.

Special charge No. 2, requested and refused, is as follows:

"The fact that upon trial defendant was acquitted of the charge contained in the affidavit, is not proof either of want of probable cause or of malice, both of which must be proved by plaintiff by a preponderance of the evidence before he may recover."

Plaintiff in error cites the case of *John* v. *Bridgman*, 27 Ohio St., 22, as authority for this charge. We do not think the holding in the case of *John* v. *Bridgman* justifies the giving of this charge. Had charge No. 2 used the phrase "conclusive or sufficient proof," or some explanation as to what was meant by the term "proof," the charge might have been proper. The court, in the case of *John* v. *Bridgman*, in the syllabus, holds:

"In such trial the record of the magistrate is competent evidence, at least to show the facts of the acquittal and discharge of the plaintiffs."

In view of the admissibility of such evidence, the special charge would have misled the jury. While the court in its opinion in the *Bridgman case* uses similar language to that contained in the special charge requested, that language must be construed in the light of the whole opinion; and, further, the syllabus, which is the law of the case, contains language that would require a fuller statement in the special charge.

Special charges Nos. 3 and 6, requested by defendant below and refused, go to the question of probable cause and malice, and are made up of excerpts from the cases of *White* v. *Tucker*, 16 Ohio St., 468, and *Ash* v. *Marlow*, 20 Ohio, 119.

On the question of probable cause and of proof of malice the court gave, at the request of plaintiff, several special charges which properly stated the law with reference thereto, and if charges 3 and 6,

refused, contained in substance rules of law applicable to what constitutes probable cause and malice, the rule is more clearly stated in the special charges given.

In the case of *American Steel Packing Co. v. Conkle*, 86 Ohio St., 117, the following rule is laid down in the syllabus:

"The right given counsel by the provisions of Section 5190, Revised Statutes, to present to the court written instructions on matters of law, and request that they be given to the jury before argument to the jury is commenced, should be exercised reasonably. The instructions thus requested should be neither excessive in number or length, nor should they be, to an unreasonable degree, repetitions of the same legal proposition."

The giving of special charges 3 and 6 would have violated this rule, and would have but tended to confuse the jury.

Special charge No. 9, requested and refused, would have advised the jury that the defendant could rely on the advice of the police officer as a defense. This has never been held to be the law. While it is the law that in such cases the advice of an attorney is a defense, upon a full and fair disclosure of all the facts, this rule does not extend to the advice of a police officer. *Britten v. Granger*, 13 C. C., 281; Newell on Malicious Prosecution, Section 9, page 323; *Hirsch v. Feeney*, 83 Ill., 548, and 26 Cyc., 33.

While a part of special charge No. 9 was correct law, a part of it was not, and the court properly refused to give this special charge.

Finding no prejudicial error in the record, the judgment will be affirmed.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.