## THE OHIO SUPREME COURT

No. 17795—The State ex rel Herman W. Eavey, County Commissioner-elect for Greene County v. Harvey C. Smith, Secretary of State of the State of Ohio.

ELECTIONS—County commissioners—(1) Section 2395 is constitutional—(2) Transition from two-year term to a four-year term, complies with constitution.

In mandamus.

WANAMAKER, J.:

1. Section 2395, General Code, as enacted in 1919, providing for the election of county commissioners, is a valid and constitutional act.

2. That part of the act dealing with the transition from a two-year term to a four-year term, so far as it departs from the literal and full two years or four years, is a compliance with the constitutional provisions so far as reasonable and practicable, and by reason of the fact that it deals only with a temporary interval is not controlled or limited by the literal language of Sections 1 and 2, Article XVII of the Ohio Constitution, which must be so construed as to promote the public service.

Writ allowed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

---

No. 17399—The London & Lancashire Indemnity Co. of America v. Board of County Commissioners of Columbiana County, et al.

---

No. 17400—The Aetna Casualty & Surety Co. v. Board of County Commissioners of Columbiana County et al. Error to the court of appeals of Columbiana county.

TRIALS—(1) Jury waived—General findings without separation as to fact and law—(2) Presumption that court of appeals weighed the evidence, and defense not proven—(3) Contracts to do possible acts not discharged by subsequent events or rules of law—(4) Defense of legal impossibility of performance, by World's War—(5) Paid sureties not released by changes, when.

MARSHALL, C. J.:

1. Where in the trial of an action at law a jury is waived and a general finding is made by the court and judgment entered thereon without separate findings of fact and conclusions of law, this court will only determine whether there is any evidence measured by the law applicable thereto under the issues made by the pleadings to support the judgment of the trial court.

2. Where in such case the answer pleads an affirmative defense and a general finding is rendered for plaintiff and the judgment is affirmed by the court of appeals on the general ground that no error is found, this court will not weigh the evidence but will presume that the court of appeals weighed the evidence and found that the affirmative defense was not proven.

3. An express contract to do an act which is possible in the nature of things and not contrary to law will not be discharged by subsequent events or rules of law which do not render performance physically impossible, but merely make performance more burdensome, expensive or difficult, nor where such subsequent events or rules of law might reasonably have been contemplated.

4. In order to make available the defense of legal impossibility of performance by reason of governmental interference in the control of production, of labor, and transportation, in the prosecution of the world war, it must be proven that there was either actual seizure or such direct intervention or governmental mandate as prevented further performance.

5. A paid surety will not be released from his obligation of suretyship by changes in the contract guaranteed by him unless such changes operate injuriously to affect materially his right and liabilities.

Judgment affirmed.

Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.

---

No. 17562—The Hocking Valley Railway Co. v. the Public Utilities Commission of Ohio et al. Error to the Public Utilities of Ohio.

RAILROADS—(1) Include interurbans—(2) Public Utilities Commission may require tracks of to be connected, and joint rates, under 540 GC.

MATTHIAS, J.:

1. The term "railroads" as used in Section 540, General Code, includes interurban railroads.

2. The public utilities commission, when the facts warrant, has power to require that the tracks of a steam railroad and the tracks of an interurban railroad be so connected as to admit the passage of cars from one road to the other, and also to establish joint rates under the provisions of Section 540, General Code.

Order affirmed.

Marshall, C. J., Wanamaker, Robinson and Jones, JJ., concur.

Day and Allen, JJ., took no part in the consideration or decision of case.

---

## OPINIONS

### No. 159

### WOODRUFF v. PASCHEN

Supreme Court of Ohio

No. 17165. Decided July 5, 1922

MALICIOUS PROSECUTION—(1) Malice and probable cause essential elements—(2) Advice of counsel complete defense.

HOUGH, J.:

Epitomized Opinion

This opinion has appeared only in The Abstract.

Woodruff's automobile was struck and he was injured in an accident with Paschen. Woodruff consulted with his attorney and was advised by him that Paschen was violating a misdemeanor statute. In August, Paschen was taken into custody and released on bail, after being confined in a jail for some time. The matter was allowed to drag along until September. He was given a hearing and was discharged, on a finding that no offense had been committed. On the trial of the case there seemed to be a dispute as to whether Paschen was acquitted, or the parties agreed to terminate the controversy. Suit was then filed, asking for damages for malicious prosecution. The defense relied upon by Woodruff was, the advice of counsel. Held:

1. The elements of fact involved in actions for damages for malicious prosecution are malice and the absence of probable cause.

2. Advice of counsel is a complete defense, only when it covers the time from the institution to the final disposition of the prosecution.

Attorneys—Ben W. Johnson, Curtis T. Johnson and Mulholland & Hartman, for Woodruff; Edward H. Ray, for Paschen.