## MILLER v CINCINNATI (City)

Ohio Appeals, 1st Dist, Hamilton Co.

No. 6037. Decided Feb. 2, 1942.

Chester R. Shook, Cincinnati, for appellant.

John D. Ellis, Cincinnati, and Mr. Nathan Solinger, Cincinnati, for appellees.

### OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County. in which the petitions of a number of intervening plaintiffs were dismissed upon demurrer, for misjoinder of plaintiffs, being sustained by the court.

In the original petition facts were stated and tendered as a predicate for the relief of injunction which was sought against the levying of an assessment against the property of the plaintiff. The basis for such claim to relief was that the improvement for which the assessment was made contributed no benefit to the property of plaintiff.

The intervening petitioners, all of whom signed either severally or jointly such petitions sought the same relief against the assessment and upon the same basis.

It is obvious that the right of the intervenors to join as plaintiffs with the original plaintiff may not be sustained under §11257 GC, for the reason that the intervenors do not sue in a representative capacity, having each signed a petition, and do not claim to sue for themselves and other similarly situated, and. for the same reason, it is perfectly apparent that it is not im-

practicable to bring them before the court.

Sec. 11257 GC, provides:

"When the question is one of a common or general interest of many persons, or the parties are very numerous, and is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

See: 41 Oregon 269.

Reliance is also placed upon the provisions of §11254 GC, which provide:

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs except as otherwise provided."

What is the subject of the action incorporated in the petition of the original plaintiff?

In **Baltimore & Ohio Rd. Co. v Hollenberger, 76 Oh St 177,** the Supreme Court at length discussed the definition of the terms "subject of action", "subject-matter of an action", and "cause of action".

Such terms may be synonymous, or they may have distinctive meanings. On page 181 of the opinion in Baltimore & Ohio Rd. Co. v Hollenberger, the Court say:

"In their proper meaning, the terms 'subject-matter', 'subject of the action' and 'cause of the action' are not strictly synonymous, although they are often used interchangeably. The subject-matter of an action is the abstract subject of judicial inquiry, for example, the infliction of a penalty for violation of a statutory duty. The subject of an action, in its strict sense, is the subject-matter applied to a particular case, as, the right of the plaintiff in the case to recover a penalty for violation of the statute. A cause of action is 'the right to bring a suit'. Black's Law Dictionary. These distinctions, we believe, are scientifically definite

and in accord with good authority. The Chicago & Atlantic Ry. Co. v Sutton et, 130 Ind. 405; Hunt v Hunt, 72 N. Y. 217, 229-230; Bliss on Code Pl., (3rd Ed.), §126; Pomeroy Code Remedies (4th Ed.) §369. The author last cited is of the opinion that the term 'subject of the action' was used by the authors of the code and by the legislature as synonymous with, or rather in place of, 'subject-matter of the action'; and this view is in harmony with the definitions which we have given. The importance of it will be seen further on. In Rodgers v Mut'l. Endowment Assessment Assn., 17 S. C. 406, 410, the court distinguishes between the subject of the action and the cause of action, and says: 'The subject of action is what was formerly understood as the subject-matter of the action'; and this was quoted with approval in Box v C. R. I. & P. Ry. Co., 107 Ia. 660, 666."

We quote also the statement in **1 O. Jur., page 275:**

" 'Subject-matter', 'subject of action', and 'cause of action' are often used interchangeably, but they are not synonymous, and are to be distinguished. 'Subject-matter' is the abstract subject of judicial inquiry. The 'subject of an action', in its strict sense, is the subject-matter applied to a particular case as the rights of the plaintiff, while a cause of action is the right to bring a suit."

See also: **Gall v The Central Trust Co., 10 OO 303,** wherein this court refused to attempt any accurate definition of the term.

Ignoring academic differentiations then, the subject of the instant action could be "the abstract subject of judicial inquiry", to-wit: the right to enjoin assessments. Certainly, the legislature did not intend to permit all persons who sought injunctions of assessments in general to join in one action.

Taking the definition of the term as

the "subject-matter applied to a particular case", and by the way, the strict definition of "subject-matter", we have a sensible application of the statute.

The subject of this action then being the right of the plaintiff to enjoin a particular assessment upon a particular piece of property. So defining the term, it is apparent that the intervenors, while they undoubtedly do have causes of action, which involve the general assessing ordinance, they have no interest whatever in whether such assessment is or is not made applicable to the property of the original plaintiff. They have no interest in the subject of his action, although they may in these separate actions incorporate the same subject-matter as is embodied in that of the original plaintiff.

For these reasons, the action of the Court of Common Pleas was correct in dismissing the intervening petitions, for misjoinder of parties plaintiff.

The desirability of legislative action permitting such joinder cannot be substituted for the absence of the present permission under the statutes. Futile attempts have have made to secure such legislation. The continued inconvenience and even injustice of refusing such legislative authority will do more probably to secure such desirable legislation than strainted attempts on the part of courts to place in the statute constructions not justified by the terms used therein.

The judgment is affirmed.

MATTHEWS, PJ. and HAMILTON, J., concur.