### POWELL, Plaintiff-Appellee v. POWELL, et, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3727. Decided June 1, 1944.

Eagleson & Laylin, Columbus, for plaintiff-appellee.

Wm. H. Jones, Columbus, for defendant, Wm. K. Powell.

James M. Butler, and Saul Morton Isaac, Columbus, for defendant trustees.

## OPINION

BY GEIGER, J.

This matter is before this Court on appeal from an order of the Court of Common Pleas, Division of Domestic Relations. The matter involved is really confined to the question as to whether or not the Court erred in allowing temporary alimony; and the further question as to whether the Court allowed an excessive sum.

The petition is lengthy, but may be summarized as showing that the plaintiff and defendant were married in 1913; that the Huntington Bank and certain trustees are trustees of a spendthrift trust established by Frank E. Powell for the benefit of the defendant Willam K. Powell.

It is asserted in the petition that for more than eighteen years the defendant has abandoned plaintiff without cause, and cruelly neglected and disregarded his marital duties. It is asserted that the parties lived together happily from 1913 to 1920, when they were necessarily separated and the home broken by reason of the serious illness of the defendant, William; that during defendant's illness the plaintiff contributed all that she could for his care and comfort. Since his recovery in 1925, the defendant has failed to re-established the home or to renew marital relationship, and since that time has wholly neglected to provide for the plaintiff or to furnish her support or the common necessities of life, so that plaintiff from her own resources has been compelled to support herself and to rely upon the charity of her relatives and friends.

It is alleged that the defendant is now and since 1939 has been possessed of property of substantial value, the legal title to which and the control of which has been during said time fixed in the trustees in the spendthrift trust provided by his father's will. It is asserted that it is the duty of the trustees to provide the defendant with sufficient income within the amounts available, to maintain plaintiff in accordance with her station in life, or to apply a sufficient amount of the income of the trust fund directly to the maintenance of the plaintiff as the wife of the beneficiary of the trust; it is asserted that the income from the trust is more than $25,000.00 per year, of which sum William K. Powell has been receiving, through the trustees, approximately $12,500.00 annually, of which plaintiff has not received anything either directly or indirectly, from either Willam K. Powell or from the trustees. The said trustees have accumulated $70,000.00 undistributed income from said trust estate, and William has lived in comfort while the plaintiff has been reduced to penury. The prayer of the petition is that alimony for her sustenance and expenses during the pendency of the suit be granted her out of the property and income of William K. Powell, and that the trustees be ordered to provide such temporary alimony, and that on final hearing she may be decreed a reasonable allowance for alimony out of the property and income of William in an amount comparable to the amount received by him, and that the trustees be ordered to pay such permanent alimony directly to the plaintiff, and that the plaintiff may have further relief for costs, including attorney's fees.

There is filed with the petition a copy of the last will and testament of Frank E. Powell which is long and involved and which has five rather complicated codicils, largely dealing with the spendthrift trust established by the father for William. There is no provision in the will or in the codicils that the trustees shall be required to pay any sum to William for the support of his wife, neither does the will prohibit the application of any of the funds so produced, to the care of the wife.

The petition was filed on February 5, 1944, and on February 16, 1944, a motion of plaintiff for temporary alimony and for maintenance and support and expenses during the pendency of the suit out of the property and income of William and for an allowance of a sum comparable to the amount paid by said trustees to her husband. She also asks for $1000.00 for expenses and that the bank and the

trustees be ordered to pay to the plaintiff said sums or such amount as the Court may deem just and proper.

It is also stated that the consideration of the payment of counsel fees may be deferred.

The trustee of the bank filed a memorandum quoting the provisions of the will and taking the position that at that time there should be no order made to compel the trustees to pay temporary alimony.

On March 1st the wife filed an affidavit in support of her motion for temporary alimony pendente lite, which is a restatement and an elaboration of the allegations made in the petition. In such affidavit it is stated that the cash income received from the trustees of the trust created under the will of Frank E. Powell for William K. Powell, from August 9, 1939, to February, 1944, was $117,222.65, of which there has been paid to William K. Powell up until February 9, 1944, the total of $44,187.99, leaving an undistributed reserve for the benefit of William of $73,844.66, as of February 9, 1944, and it is stated in said affidavit that from that source alone of trust funds William has been receiving cash payments from the trustee in excess of $12,000.00 per year, leaving still greater amounts in the trust available. It is asserted that in addition to the cash payments William K. Powell was provided with a home. It is asserted that plaintiff has been compelled to rely upon gratuities from her friends and relatives and has in addition incurred unpaid debts for her necessary maintenance in excess of $5000.00 and that she is without home or income and in said motion she asks the Court for an order directing the payment to her from either William K. Powell or the defendant trustees or both, a sum comparable to that having been paid by the trustees to her husband.

Much of the controversy and argument of counsel revolves around the point raised by the trustees that the Court has no right to order them to pay from the trust fund any sum for the support of the wife, it being maintained that under the provisions of the will relating to said trust fund the amount to be paid to William is entirely within the discretion of the trustees and that there is no obligation on the part of the trustees to pay any portion to the wife or to contribute to the same.

William K. Powell files an affidavit largely devoted to disputing and denying the allegations of his wife's petition in relation to the care that she gave to him during his sickness. Counsel for the defendant made a request for a separate finding of facts and conclusions of law. The trustees filed demurrers, which seem not to have been passed upon by the Court.

The matter was presented to the Court and the bill of exceptions which is filed is largely made from the colloquy between counsel and the Court and does not appear to present any factual question except the filing of the petition, together with the affidavit of the plaintiff and the affidavit of the defendant.

Counsel for the defendant, William K. Powell, in his argument and briefs and colloquy with the Court stressed the facts that there was no evidence submitted justifying the Court in fixing the amount of alimony to be paid to the plaintiff pendente lite; that there was no showing that the defendant was possessed of any sufficient funds out of which alimony might be paid. During the trial the Court stated:

"I will fix an amount here which I believe to be reasonable based upon his income and ability to pay and upon the amount necessary to support her pending the hearing of this case. On the final hearing we will of course have an entirely different question, but at this time we have only the question of temporary support." "I think I have a right to take into consideration at this time all those things mentioned by counsel for plaintiff in fixing a temporary amount."

In speaking of the claim for $5000.00, the obligation of the plaintiff incurred during the separation, the Court states:

"The adjudication of that claim would have to remain until final hearing because that would depend some upon the aggressions in this case. If the aggressions were on her part it might make an entirely different picture."

The Court thereupon made the entry from which an appeal is procured by the defendant, reciting that the case came on to be heard on the question of temporary alimony. Affidavits have been submitted by both parties and the same orally argued to the Court. The Court then finds:

"The Court without considering the statement objected to upon the part of the defendant, finds from the affidavits, pleadings and admissions by counsel in open court, 'that the parties were married as set forth in the petition; that they have been and are residents of the state of Ohio and Franklin County; and no children have been born of this marriage, and that the parties are and have been for some period of time living separate and apart.' The Court further finds that

during the past several years the defendant has received and had an income of approximately $12,000.00 per year and has had such income up to the present time and there is no evidence offered on the part of the defendant that he is unable to pay to his wife temporary alimony in the amount of $100.00 per week which the court finds is a reasonable amount for her support pending this case.

"Therefore it is ordered that the defendant pay the sum of $100.00 per week (payable weekly) as alimony pendente lite, as of the date of February 5th, date of filing the petition. The question of expense money the court reserves for further consideration."

The defendant-appellant files assignment of errors as follows:

1. Error of the court in overruling the separate objections of the appellant to admission and consideration by the court of the statements enumerated in the petition and affidavit of plaintiff.

2. In failing and refusing to "state in writing" the conclusion of facts found separately from the conclusions of law within the meaning and purport of §11421-2, G. C.

3. The overruling of the motion for a new trial.

As to the first assignment of error it will appear that counsel and the Court considered the matters presented to the Court through the petition, the motion, the answer of Powell, and statement of counsel for the Bank and the trustees touching their position in reference to the spendthrift fund. It would be impossible to segregate that portion of the facts considered by the Court as exhibited by the pleadings, from the discussion and admission of counsel. The bill of exceptions, while not enlarged, involves much that might be said to be admission of counsel as distinguished from evidence. This usual condition arising in applications to fix temporary alimony and in the case at bar, we do not believe there was prejudicial error in considering all those matters shown rather informally admitted, and assignment No. 1 will be overruled.

Assignment No. 2 is for the refusal to state in writing the conclusions of fact separately from the conclusions of law. The Court did state his conclusions of fact and also his conclusions of law and while they may not have been distinctly separated, yet it is quite easy to determine that the Court did

arrive at certain conclusions of fact which he announced separately from his conclusions of law.

Assignment No. 2 will be overruled.

Assignment No. 3 need not be discussed except to say that we perceive no error in the Court's overruling the motion for a new trial. It seems to us that so simple a matter as fixing temporary alimony has been over-emphasized in this case and largely over-briefed. It is the ordinary and simple procedure of trial courts. It is asserted that the amount allowed, to wit, $100.00 per week is excessive. We do not so find. It does appear that for a period of years the defendant has had an income of more than $12,000.00 per year, which did not exceed the income of the father's estate devoted to his support, the estate being in excess of $2,000,-000.00. As a reviewing Court, we cannot say that an allowance which does not show an abuse of discretion should be reviewed or altered by this Court. The Court has very properly stated that the matter of a temporary alimony may be modified when the Court has had an opportunity to hear the case. It does appear to us that this woman for more than fifteen years has been rather shabbily treated by her husband who has had a generous income.

The whole matter presented by the trustees, as to whether or not the spendthrift trust could be subjected to an order of the court, is avoided by the fact that the court has made no order requiring the trustees to do anything in spite of the fact that the petition asked for such an order. The Court has gone on the theory that the defendant has funds sufficient to carry out the order of the Court. Counsel for the Bank and the trustees has asserted that he knows of no reason to anticipate that the trustees will cut down the amount heretofore allowed by them, which does not begin to exhaust the fund which might be applied to the support of William.

For the present the question of whether the Court can compel the trustees to pay sufficient to care for the alimony provisions in favor of the wife is not before the reviewing court, and we are not obliged to make any ruling upon that point, if it ever becomes a point.

Judgment affirmed. Cause remanded.

BARNES, P. J., and HORNBECK, J., concur.