**NEFF, Plaintiff-Appellee, v. PALMER et, Defendants-Appellants.**

Ohio Appeals, Second District, Fayette County.

No. 286.   Decided October 24, 1956.

Winston W. Hill, Washington C. H., for plaintiff-appellee.
W. S. Paxson, Washington C. H., for defendants-appellants.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court for $1000.00 in favor of the plaintiff and against the defendants-appellants, upon a finding of the trial judge, a jury having been waived by the parties. Four errors are assigned:

1. Overruling the demurrer to petition.
2. Overruling the motion to separately state and number the causes of action in plaintiff's petition.
3. The Court's finding is not sustained by the evidence.
4. The Court's finding is contrary to law.

Appellants have briefed the question fully setting forth particularly their claim that the defendant, Palmer, the police officer, was improperly joined as a party defendant with the defendant Ohio Casualty Insurance Company; that the causes of action should have been separately instituted and could not be joined because the one against the defendant police officer sounded in tort and that against The Ohio Casualty Insurance Company was predicated on contract.

All of the questions urged on this appeal were properly presented and saved in the trial court. There is no doubt that the practice as to pleading in situations like the one presented in this case differs. In some, the action is originally instituted against the officer and if judgment had against him, a supplemental petition is filed against the bondsmen of the officer; in others, by joinder as in the instant case.

We are favored with the opinion of Judge Case who passed on the demurrer and are impressed with the thorough study that he gave to the question and find that he has cited and considered practically all the pertinent cases on the subject. We are disposed to say that he has reached the correct conclusion. No good purpose would be served in again setting out and discussing the applicable authorities inasmuch as we are in accord with the conclusions reached by Judge Case. The last case to which he refers is one from this court, wherein Judge Barnes, in writing the opinion near the end thereof said:

"First syllabus, Gravell v. Speakman et, 8 N. P., N. S., 246 "announces the now well recognized principle that an officer may be joined with his surety in an action on the official bond."

We recognize that this is obiter, but arising in this jurisdiction and coming from a jurist of marked ability, it is entitled to weight with this

Court. In the case of **The American Guaranty Co. v. McNiece, et al, 111 Oh St 532,** we find that the sureties on the bonds of the defendant officers were joined with them as parties defendants. The correctness of this procedure apparently was not challenged, at least not, in the Supreme Court.

Upon the other questions urged in support of the third and fourth assignments of error, namely, that want of probable cause and malice did not appear in the proof, we have but to say that the trial judge acting as the trier of the facts was within his province in finding both essentials established. The material variance between the testimony of the officer, defendant and the plaintiff's witnesses relates to the place where the revolver of plaintiff was found in his automobile. From the plaintiff's testimony, at all times his revolver was in plain sight in his automobile. From the testimony of the defendant officer, it was concealed. His defense, that he acted upon the advice of his superior officer and of the City Solicitor was predicated upon the statement to them of facts which required the conclusion that the revolver was concealed. If it clearly appeared that the defendant officer acting upon the advice which it is admitted he received had given full and true facts, as the municipal judge and the trial judge must have found them to be, it would, in our judgment, justify a reversal of the cause on the weight of the evidence. However, the record will not permit of this conclusion. We cannot say that the finding and judgment is contrary to law or against the manifest weight of the evidence.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.