McClure, Appellant, v. Neuman et al., Appellees.

(No. 8906—Decided May 15, 1961.)

*Mr. Fred L. Hoffman,* for appellant.
*Messrs. Rendigs, Fry & Kiely,* for appellee George Neuman.

Hunsicker, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County, Ohio.

We do not have a bill of exceptions which gives the testimony that was introduced in the trial court. The bill of exceptions which is presented to us sets out in narrative form the procedural action taken by the trial judge, plus some exhibits, the special requests for instructions (both those given and the one which was refused), and the general charge of the court.

The matter was submitted to a jury under a special verdict with interrogatories. At the conclusion of the evidence, the trial judge required Mr. McClure to elect as to the defendant against whom he wished to proceed. Exception was taken to this order, and the case then proceeded against Mr. Neuman.

The special verdict and answer to interrogatories returned by the jury required the trial judge to enter a judgment in favor of Mr. Neuman. From the judgment so entered, Mr. McClure lodged an appeal in this court.

The claimed errors assigned by Mr. McClure are:

"1. The trial court erred in requiring the plaintiff to elect against which defendant he would proceed, and in dismissing the defendant William Grisham.

"2. The trial court erred in refusing to give plaintiff's special charge No. 7.

"3. The trial court erred in its charge to the jury.

"4. The jury's verdict is against the weight of the evidence.

"5. The jury's verdict was influenced by passion and prejudice.

"6. The judgment entered on the verdict is contrary to law.

"7. Other errors apparent on the face of the record:

"A) The trial court erred in refusing to require defendant Neuman to file depositions;

"B) The trial court erred in overruling plaintiff's motion for a new trial;

"C) The trial court erred in refusing to permit the trial court's charge to be made a part of the transcript of docket and journal entries and the original papers certified to the Court of Appeals."

From the petition and answers filed, the bill of exceptions, and the charge of the court to the jury, we are able to determine that William Grisham was a painter employed to paint a building owned by George Neuman. This structure had a cellarway into the building from the sidewalk. Harold McClure, a pedestrian, fell into the cellarway, which the painter had opened in the course of carrying on his work.

The trial judge required Mr. McClure to proceed against either defendant, saying that he could not maintain an action against both of the parties.

The conclusion reached by the trial judge we believe to be erroneous. In *Warden* v. *Pennsylvania Rd. Co.*, 123 Ohio St., 304, we find the syllabus to read:

"1. Where a person employs a contractor upon construction in a place where the public may lawfully pass, which work requires precautions to be taken to safeguard the public against danger, such person owes a duty to see that reasonable precautions are taken, and becomes liable jointly with the contractor for the failure of the latter to exercise due care.

"2. Whether danger to the public is likely to attend the doing of the work is a question of fact to be submitted to the jury under proper instructions."

The rule so announced has been followed in *Jereb, Admx.*, v. *Riss & Co., Inc.*, 169 Ohio St., 178, wherein the court said:

"1. Where a person employs a contractor upon construction in a place where the public may lawfully pass, which work requires precautions to be taken to safeguard the public against danger, such person owes a duty to see that reasonable precautions are taken and may be liable jointly with the contractor for the failure of the latter to exercise due care in taking such precautions."

See, also, *Richman Brothers Co.* v. *Miller*, 131 Ohio St., 424.

The error so committed by the trial court was prejudicial to the substantial rights of the appellant.

The trial judge gave all the instructions before argument requested by McClure except one. This instruction was a repetition of the rule of law given in requested instruction number 2. The language was, of course, different, but the rule stated was the same. In such a situation a trial court is not required to repeat a rule of law given in a prior requested instruction before argument. *Centrello, a Minor,* v. *Basky,* 164 Ohio St., 41.

No prejudicial error was committed in this respect by the trial judge.

We next must consider the claim that "the trial court erred in its charge to the jury."

Mr. McClure claims that the trial court gave a general charge to the jury contrary to the requirements in the case of special verdicts under Sections 2315.14 and 2315.15, Revised Code. These sections of the Revised Code have been infrequently interpreted with respect to the extent of the general charge of the court where a special verdict is requested by one of the parties.

In *Miller* v. *McAllister*, 169 Ohio St., 487, 497, the court said:

"As to the instructions, special and general, in a special verdict case, we think that, under the new special-verdict statutes, they should be similar to those given in a case where a general verdict is to be rendered, with such changes and adaptations as are indicated by the new statutes on special verdicts and interrogatories. The purpose and manner of use of the special verdict should be explained to the jury. The pleadings should be outlined, the issues as presented by the pleadings should be stated and explained, and the meaning of the various

legal terms incident to the particular case should be carefully defined. Naturally, the 'burden of proof,' 'preponderance of the evidence,' 'the credibility of witnesses,' and 'the functions and duties of the jury and the number of jurors required to return a verdict,' etc., should be covered. And in a negligence action, 'negligence,' 'contributory negligence,' 'proximate cause,' etc., should be defined; also 'assumption of risk,' where it is in the case and is expressly relied on as a defense.''

And see *Smith* v. *Capital Finance Co.*, 169 Ohio St., 11.

Our question herein is to determine whether the trial judge in the instant case exceeded the limits thus set in such matters by the Supreme Court of Ohio. It is readily apparent, in reading the general instructions given the jury, that a full and complete charge on the matters arising in the instant case was given to the jury, as though no special verdict was being submitted therein. Did this constitute prejudicial error?

We have examined the article by Judge McBride in 59 Ohio Opinions, 381, entitled ''Instructions in Special Verdict Cases.'' In commenting on the 1955 amendment of the special verdict statutes, he said at page 387:

''* * * This amendment does not change the duty of the court and fails to support the suggestion that the jury applies the complete general law. * * *

''In explaining the issues and questions it is not proper to reveal the legal effect of the answers. Where the court indicates how liability will be determined, it warns the jury of the result of its answers and permits the jury to 'trim its course accordingly.' ''

At page 385, in outlining the duty of the trial court with respect to instructions, this author said the court shall ''furnish such definitions and instructions of specific law as are necessary to enable the jury to intelligently resolve each determinative issue without disclosing the general law or judgment that may be rendered.'' See, also, *Landon* v. *Lee Motors; Inc.*, 161 Ohio St., 82.

We agree with the conclusion reached by Judge McBride that no great change has been made in the requirement as to the type and kind of instruction that must be given the jury as a result of the amendment of 1955.

We conclude that to give a general charge in a special verdict case which indicates the effect of the answers to determinative questions, and which discloses the judgment that may be rendered, as was done in this case, violates the requirement of the statute and is error prejudicial to the substantial rights of appellant, McClure, herein.

We have examined all other claimed errors and find none prejudicial.

We determine, therefore, that the trial court erred to the prejudice of Mr. McClure: first, when it compelled him to elect as to the defendant against whom he wished to proceed, and, second, in giving a general charge or instruction to the jury that violated the requirement of the statute on special verdicts.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings.

*Judgment reversed.*

DOYLE and SKEEL, JJ., concur.

HUNSICKER, P. J., and DOYLE, J., of the Ninth Appellate District, and SKEEL, J., of the Eighth Appellate District, sitting by designation in the First Appellate District.