PERRY, APPELLANT, *v.* ADJUSTABLE AWNING, INC., APPELLEE.

(No. 5241—Decided September 26, 1962.)

*Mr. Howard L. Calhoun,* for appellant.
*Messrs. Buckingham, Doolittle & Burroughs,* for appellee.

HUNSICKER, J.   John Perry brought an action in the Court of Common Pleas against Adjustable Awning, Inc., alleging that Adjustable Awning, Inc., falsely, maliciously, and without reasonable or probable cause, prosecuted a civil action against him and wrongfully took judgment in that action, thus causing him damage to his reputation, character, private feelings and loss of credit.

A special verdict was returned in the instant action, and on such verdict the Court of Common Pleas entered judgment for Adjustable Awning, Inc.   From that judgment an appeal on questions of law has been brought in this court, wherein the appellant, John Perry, says:

"1. Common Pleas Court erred in its charge to the jury when the court withdrew from the jury's deliberation $2,500 of the $3,000 compensatory damages prayed for in plaintiff's petition.

"2. Common Pleas Court erred in granting to defendant a judgment notwithstanding the verdict upon the jury's return of the special verdict with inconsistent findings."

We have only a partial bill of exceptions which does not disclose any of the evidence, but it does contain some of the instructions given by the trial judge, but not all of such instructions.

Thus, when the trial judge said to the jury "that no direct pecuniary loss had been shown in the evidence," we are unable to determine from the evidence whether any testimony was submitted bearing on this problem. Assignment of error number one is therefore not well taken.

In consideration of the second assignment of error, two members of this court, sitting by assignment in the first Appellate District, in the case of *McClure* v. *Neuman*, 113 Ohio App., 422, said, with respect to special verdicts, that:

"A trial judge who is requested to submit a special verdict to a jury shall, when instructing the jury, furnish such definitions and instructions of specific law as are necessary to enable the jury to intelligently resolve each determinative issue, without disclosing the general law or judgment that may be rendered."

In the instant case the answers given by the jury appear to be inconsistent, but on the decisive issue there is no conflict. The question that is decisive herein is marked number 2 on the special verdict returned by the jury, and reads as follows:

"2. We further find by preponderance of the evidence adduced upon trial that the defendant thus prosecuted its action with reasonable or probable cause in the Municipal Court of Akron."

With the answer thus given, there was removed from consideration by the court any question of damages, compensatory or punitive.

Want of probable cause is an essential element of an action for malicious prosecution. Where, as here, probable cause is found to exist, no action lies.

"1. The essential elements of fact involved in an action for damages for malicious prosecution are malice and the presence, or absence, of probable cause." *Woodruff* v. *Paschen*, 105 Ohio St., 396.

In the case of *Woodruff* v. *Paschen, supra*, the court, at page 398, approved the following general charge to the jury:

"If the arrest was not malicious, or without probable cause, or was upon the advice of counsel, then there can be no recovery in this action notwithstanding that damages occurred to the plaintiff by reason of the arrest."

We believe this rule to be applicable when the claim of

malicious prosecution arises out of the bringing of a civil action, as well as where there has been a criminal arrest.

"1. In an action for malicious prosecution, the want of probable cause is the gist of the action. * * *." *Melanowski* v. *Judy*, 102 Ohio St., 153.

"1. A suit for damages for causing an attachment to issue as auxiliary to a civil action for debt is no exception to the general rule that in all actions at common law for malicious prosecution or for the abuse of the processes of the court, malice and want of probable cause must be alleged and proven.

"2. In such case, in the absence of malice and want of probable cause, no action can be maintained except upon the statutory bond, if any, given in the attachment proceeding." *Crow* v. *Sims*, 88 Ohio St., 214.

The judgment herein must be affirmed.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.