ASHCRAFT, APPELLANT, *v.* LODGE ET AL., APPELLEES.*

(No. 9204—Decided March 18, 1963.)

*Motion to certify the record overruled, September 25, 1963.   Appeal dismissed, 175 Ohio St., 232.

*Mr. William Flax*, for appellant.
*Messrs. Lindhorst & Dreidame*, for appellees.

*Per Curiam.* This is an appeal from a summary judgment in favor of defendants in an action brought by the plaintiff for the recovery of damages for malicious prosecution. The opinion of the trial court reveals that the defendants' motion for summary judgment was granted for two reasons:

"1. That the defendants acted upon the advice of counsel after a full disclosure of all the material facts; and

"2. That the allegations contained in the affidavits executed by the defendants and which set in motion the prosecution in this matter were true."

Plaintiff, appellant herein, assigns error in several particulars, which we will consider together, specifically:

"1a—The trial court erred in granting defendant-appellees' motion for summary judgment where the material facts were in dispute.

"1b—The trial court erred in granting defendant-appellees' motion for summary judgment, on the ground that plaintiff-appellant was guilty of the charges placed against him.

"1c—The trial court erred in granting defendant-appellees' motion for summary judgment on the grounds that the defendants acted upon the advice of counsel after a full disclosure of all material facts.

"2—The trial court erred in denying plaintiff-appellant's motion for a new trial of defendants' motion for summary judgment.

"3—The decisions of the trial court in granting defendant-appellees' motion for summary judgment and denying plaintiff-appellant's motion for a new trial are against the manifest weight of the evidence."

It has been established in Ohio, at least since the case of *Ash* v. *Marlow* (1851), 20 Ohio, 119, that the defense of advice of counsel, if established, is a complete defense to an action for malicious prosecution. It was held, however, in the *Ash case*, that if the defendant "would take shelter under the 'advice of counsel,' he must be prepared to show that he communicated to such counsel all the facts bearing upon the guilt or innocence of the accused of which he had knowledge, or by reasonable dili-

gence could have ascertained.'' It was implicit in the *Ash* decision, and specifically held in the case of *Woodruff* v. *Paschen*, 105 Ohio St., 396, that ''where a petition charges not only the institution but the maintenance of a malicious prosecution, the defense of 'advice of counsel' is a complete defense only when it covers the time from the institution to the final disposition of the prosecution.'' Thus, if defendants in a malicious prosecution action had initiated criminal prosecution against the plaintiff, and thereafter new and material facts came to their knowledge tending to lessen the probability of plaintiff's guilt which were *not* communicated to counsel for his further opinion, then the advice previously given could be no protection to the defendants for further prosecuting the plaintiff. (See *Ash case*, page 130.) On the other hand, the original advice of counsel should protect defendants during the maintenance of such prosecution in the absence of new facts coming to their knowledge tending to lessen the probability of plaintiff's guilt and requiring further consultation with counsel.

Tested by these criteria, we are of the opinion, as was the trial court, that the affidavits filed by defendants in support of their motion for summary judgment stated facts establishing a complete defense to plaintiff's action, *i. e.*, that the prosecution of plaintiff was instituted on advice of counsel, after communication to counsel of all the facts bearing upon the guilt or innocence of the plaintiff or which defendants had knowledge or by reasonable diligence could have ascertained. Since defendants' affidavits did not in themselves show that any issue of fact existed as to this complete defense, in order to show the existence of an issue of fact requiring trial of the action, it became incumbent upon the plaintiff, and not upon the defendant, by filing opposing affidavits or depositions, to show either that there was an issue of fact as to whether the prosecution was so instituted, or, that, if so instituted, there was an issue of fact as to whether new and material facts had therafter come to the knowledge of defendants tending to lessen the probability of plaintiff's guilt, which facts were not communicated to counsel for further opinion. Since the charges filed against the plaintiff were dismissed, in order to deprive defendants of their complete defense on the ground that new and material facts came to their knowledge tending to lessen the probability of plain-

tiff's guilt which were *not* communicated to their counsel, opportunity for such communication should have existed before dismissal.

As stated in subparagraph (D) of Section 2311.041, Revised Code:

"* * * When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. * * *"

This, with reference to the defense of "advice of counsel," the plaintiff has wholly failed to do, and as such defense is a complete defense, it, of necessity, eliminates all other issues in the case. So considered, and solely for the reasons hereinbefore stated, we conclude that the trial court did not commit error as claimed in any of appellant's assignments of error.

As the appellees did not make timely, or any, motion in such respect, nor did they file separate assignments of error with reference thereto (see Section 2505.22, Revised Code), we do not consider, nor determine, appellees' claim that a motion for new trial may not be filed following a summary judgment and operate to extend the time for filing a notice of appeal.

Finding no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the trial court is affirmed. (At the appellant's costs and the cause remanded for execution.)

*Judgment affirmed.*

MIDDLETON, P. J., YOUNGER and GUERNSEY, JJ., concur.

MIDDLETON, P. J., YOUNGER and GUERNSEY, JJ., of the Third Appellate District, sitting by designation in the First Appellate District.