REENAN, APPELLANT, *v.*
KLEIN, APPELLEE.

(No. C-800831—Decided
November 18, 1981.)

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. John W. Hust,* for appellant.
*Mr. Harold G. Korbee,* for appellee.

PALMER, J. The instant cause originated with the filing of a complaint by plaintiff-appellant, Richard D. Reenan, on November 15, 1979, to secure the eviction of defendant-appellee, Roger J. Klein, from an apartment contained in premises owned by appellant. On December 6, appellee answered the complaint and filed a counterclaim alleging abuse of process and malicious prosecution.

Appellee held a residential lease to a portion of the premises located at 3547 Edwards Road, Cincinnati, Ohio, pursuant to an agreement with Ramundo Custom Tailors, Inc. (Ramundo), said lease effective until May 1980. During the term of the leasehold, appellee was obligated to pay $275 per month in rent to the owner. Consistent with his customary practice, appellee mailed his rent check to Ramundo on October 27, 1979, in advance for the month of November. On November 5, however, appellant visited appellee at the residence and informed him that he had purchased the property from Ramundo and that he desired to occupy appellee's apartment as the new owner. Appellant did not demand the rent for November at this time. Appellee nevertheless deposited in the mail another check for the November rent the next day, November 6th, this time payable to appellant. That evening, appellant telephoned appellee and demanded that appellee personally deliver a check for the November rent, to which appellee responded that a check was in the mail. Thirty minutes later, appellant appeared at the residence and served appellee with a three-day notice to vacate the premises, alleging non-payment of rent. Appellee informed appellant at that time, and thereafter through counsel, that he intended to remain on the premises until the expiration of his lease, and that any attempt to evict him would be countered with a legal action for harassment. On November 7, 1979, appellant received the November 6th rent check, but returned it to appellee three days later. Subsequently, appellant filed the eviction action.

In December 1979, trial on the eviction action resulted in a judgment in favor of appellee. Appellee's counterclaim for abuse of process and malicious prosecution was not tried until September 16, 1980. At the conclusion of that trial, the court ruled in favor of appellee and awarded damages in the amount of $825 plus interest. It is from this judgment that appellant has filed this timely appeal.

In his first assignment of error, appellant contends that the trial court erred in granting judgment for appellee, asserting insufficient evidence to support the conclusion that appellant acted with malice and without probable cause in commencing the action for eviction. We disagree. A careful review of the record in the instant case reveals that appellant knew appellee had a valid lease, that appellant was in actual possession of the November rent check well before the filing of the complaint, and that appellant nevertheless instituted the action because he desired to reside in the apartment himself. Thus, the trial court had before it sufficient credible evidence of probative value from which it could conclude by a preponderance of the evidence that ap-

pellant had, in fact, acted with malicious intent and without probable cause. See, e.g., *Rogers* v. *Barbera* (1960), 170 Ohio St. 241 [10 O.O.2d 248]; *Avco Delta Corp.* v. *Walker* (1969), 22 Ohio App. 2d 61 [51 O.O.2d 122]; *Delk* v. *Colonial Finance Co.* (1963), 118 Ohio App. 451 [25 O.O.2d 161], appeal dismissed (1963), 175 Ohio St. 248 [24 O.O. 389]. The assignment of error is without merit and is, therefore, overruled.

In his second and third assignments of error, appellant argues respectively that the trial court erred in holding that he had waived the affirmative defense of advice of counsel by failing to assert the defense in his pleadings and that, in any event, the court erred in holding that appellant had failed to establish this defense. Each of these contentions rests upon appellant's presentation of evidence to the effect that he had obtained the advice of counsel prior to commencing the eviction action and, therefore, cannot be held to have acted with malice. With both contentions, however, we disagree. In the first instance, appellant's assertion that the court improperly held him to have waived this defense is of no moment since the trial court permitted him to introduce the evidence anyway. Civ. R. 15. Thus, whatever error may be said to attend the court's ruling in this regard was not prejudicial, since appellant was nevertheless permitted to introduce such evidence and, in fact, did secure the court's merit consideration of the issue. The second assignment of error is without substance and is, therefore, overruled.

With regard to appellant's argument that the court erred in holding that he had failed to demonstrate the existence of this defense, we note that this defense rests upon a showing that appellant had, in fact, fully and fairly informed counsel of all the material facts and had followed counsel's advice in good faith. E.g., *Woodruff* v. *Paschen* (1922), 105 Ohio St. 396; *Ashcraft* v. *Lodge* (1963), 118 Ohio App. 506 [26 O.O.2d 14], appeal dismissed (1963), 175 Ohio St. 232 [24 O.O.2d 344]; *Edington* v. *Glassmeyer* (Hamilton App. 1960), 11 O.O.2d 439. Whether or not these facts exist is a matter for the trier of fact, since the dispute essentially concerns matters of credibility. In the instant case, appellant did not call his attorneys to testify, but attempted to satisfy his burden of proof by his own testimony, evidence which the trier of fact was free to believe or disbelieve. From the conclusions of the trial court, it is obvious that the court did not believe that appellant had fully informed counsel of the material facts, a conclusion we believe was warranted by the record. Given these circumstances, the trial court did not err in ruling that appellant had failed to establish by a preponderance of the evidence the existence of an affirmative defense to the action. The third assignment of error is without merit and is, therefore, overruled.

In his fourth assignment of error, appellant challenges the award of damages as being excessive and not supported by the evidence. Specifically, appellant asserts that since the award exceeded the actual costs of defending the original action, the court must have awarded punitive damages. Since punitive damages were awarded in the absence of a finding of *actual* malice, argues appellant, the damages were excessive. Appellant's contentions, however, are without merit. Damages for malicious prosecution are not limited to special damages but may include compensation for injuries naturally flowing from the offending conduct, e.g., mental suffering, humiliation, indignity, loss of time, expenses in defending the original action, etc. E.g., *Davis* v. *Tunison* (1959), 168 Ohio St. 471 [7 O.O.2d 296]; *Jacquemin* v. *Bunker* (1922), 15 Ohio App. 491; *Neff* v. *Palmer* (C.P. 1956), 78 Ohio Law Abs. 34, affirmed (App. 1956), 78 Ohio Law Abs. 58. In this regard, we need note only that there is ample evidence in the record to sustain an award of $825 to appellee for general

damages. The fourth assignment of error is not well-taken and is, therefore, overruled.

In his final assignment of error, appellant contends that the trial court erred to his prejudice in not making specific findings of fact and conclusions of law pursuant to his timely request under Civ. R. 52. We disagree. In the instant case, the trial court rendered an opinion in which, although not specifically delineated as such, it stated the facts adduced from the evidence and the law applicable thereto. That the form of the opinion does not precisely conform to the customary standard of such entries is irrelevant so long as the document clearly reveals the court's determinations of fact and law. *E.g., Abbott* v. *Indus. Comm.* (1946), 80 Ohio App. 7 [35 O.O. 406]; *Powell* v. *Powell* (1944), 74 Ohio App. 335 [29 O.O. 485]. Since the purpose of the rule is to enable reviewing courts more readily to determine the validity of assigned errors, *e.g., Naso* v. *Daniels* (1964), 8 Ohio App. 2d 42 [37 O.O.2d 48], and since the court's opinion in the instant case contained a detailed summary of both factual and legal conclusions, we cannot conclude that the court committed reversible error. The fifth assignment of error is, therefore, overruled.

The judgment is affirmed.

*Judgment affirmed.*

BLACK, P.J., and SHANNON, J., concur.