[Cite as *Adams v. Simonetti*, 2017-Ohio-2674.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Bret Adams, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 16AP-595 |
| | | (C.P.C. No. 12CV4166) |
| Steve Simonetti et al., | : | |
| | | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

# D E C I S I O N

Rendered on May 4, 2017

**On Brief:** *Brian K. Duncan*, for appellant. **Argued:** *Brian K. Duncan.*

**On Brief:** *Mills, Mills, Fiely & Lucas, LLC, Lara L. Mills* and *Paul Vincent*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Attorney Bret Adams is appealing from the trial court's awarding of attorney fees and punitive sanctions against him. For the following reasons, we affirm the judgment of the trial court. Adams assigns two errors for our consideration:

> [I.] The Trial Court erred when it issued its June 30, 2015 Judgment Entry as this matter was properly disposed of due to the consolidation of Steven Simonetti, et al. v. Adams-Karl Investments, LLC, et al., Franklin C.P. Case No. 11CVH-2192, under the Rules of Civil Procedure, and Local Rule 31.02(E).
>
> [II.] The Trial Court erred when it issued its June 30, 2015 Judgment Entry as Appellees not only failed to meet their burden of proof with respect to their Counterclaim for abuse of process, but the same was also barred by Appellant's reliance on the advice of his then current legal counsel.

### I. Factual Background and Case History

{¶ 2}   There have been numerous legal actions between the two parties in this appeal and other related parties, much of which is not relevant to the current appeal. Generally, in October 2010, Steven Simonetti and Douglas Burkhart, along with others filed an action against Adams and others ("Case 1"). The action is related to the parties' investment in the Golf Club of Dublin. One of the defendants in Case 1 was George Karl, Adams' business associate. In October 2011, during the course of litigation, Simonetti and Burkhart separately communicated with Karl via e-mail regarding matters relating to the litigation and settlement offer.

{¶ 3}   On December 20, 2011, Adams filed a complaint against Simonetti and Burkhart in Union County, Ohio, alleging appellees tortiously interfered with his contract with Karl. Appellees filed a counterclaim against appellant, alleging abuse of process. The present case was transferred to the Franklin County Court of Common Pleas and then consolidated with Case 1.

{¶ 4}   Case 1 proceeded to a jury trial in August 2013, while the present case was scheduled to be heard by the trial court on September 23, 2013. Before the conclusion of the jury trial in Case 1, a settlement agreement was reached on August 30, 2013. The trial in the present matter was then stayed after Adams filed a complaint against the trial judge and the Supreme Court of Ohio in federal court on September 20, 2013. The case against the trial judge was dismissed on September 2, 2014.

{¶ 5}   On May 31, 2015, the trial court entered an order that the current case be submitted to the trial court on briefs, consistent with the agreement of the parties. On June 30, 2015, the trial court issued a judgment which ruled in favor of Simonetti and Burkhart on their counterclaim of abuse of process and awarded attorney fees to appellees in the amount of $30,125 and punitive damages/sanctions in the amount of $10,000. On July 3, 2015, appellant filed a motion for findings of fact and conclusions of law, which the trial court denied on July 23, 2015.

{¶ 6}   Adams appealed to this court on June 30, 2015, arguing that the trial court erred by its failure to issue findings of fact and conclusions of law when requested by a party in writing in accordance with Civ.R. 52. On June 14, 2016, we found that the

mandates of Civ.R. 52 applied and the trial court was required to issue findings of fact and conclusions of law. We reversed and remanded the case to the trial court.

{¶ 7} As a result of our ruling, the trial court ordered on June 23, 2016 that Simonetti and Burkhart submit proposed findings of fact and conclusions of law. Simonetti and Burkhart submitted their proposed findings of fact and conclusions of law on July 22, 2016, which the trial court adopted as it own on July 29, 2016. Adams filed a notice of appeal on August 19, 2016 assigning two errors which were originally in his June 30, 2015 appeal which, at that time, we rendered as moot.

## II. Standard of Review

{¶ 8} " '[W]here a court is empowered to award attorney fees by statute, the amount of such fees is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere.' " *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991), quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91 (12th Dist.1985). "The trial judge which participated not only in the trial but also in many of the preliminary proceedings leading up to trial has an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court." *Brooks* at 91. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

## III. The Settlement Agreement did not include the Abuse of Process Claim

{¶ 9} The first assignment of error argues that the trial court erred in issuing its June 30, 2015 judgment entry as the claim in this case was properly disposed of due to the consolidation of *Steven Simonetti et al. v. Adams-Karl Investments, LLC et al.*, Franklin C.P. No. 11CVH-2192 (Aug. 29, 2012).

{¶ 10} Adams argues that Simonetti and Burkhart were parties to the settlement agreement in Case 1 and therefore the matter was properly disposed of based on the terms

of the settlement agreement. Adams noted that, prior to the settlement agreement on April 11, 2012, the trial court issued an entry consolidating the cases and the settlement agreement in September 2013 disposed of them.

{¶ 11} The record before this court does not contain a copy of the settlement agreement, nor is there anything in the record that shows that Simonetti's and Burkhart's counterclaim of abuse of process was disposed of in the settlement agreement. App.R. 16(A)(7) requires that the brief shall include: An argument containing the contentions of appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. "[I]t is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." *Gaskins v. The Mentor Network-REM*, 8th Dist. No. 94092, 2010-Ohio-4676, ¶ 7. Nor, is an appellate court obligated to embark upon a scavenger hunt to determine whether there is merit to appellant's claim. *Nelson v. Ford Motor Co.*, 145 Ohio App.3d 58, 65 (8th Dist.2001).

{¶ 12} We can glean from the record that the trial court did view the settlement agreement in camera, but the record before us does not contain the settlement agreement. Adams indicated that the settlement agreement was exhibits B and F of his trial brief. While Adams' trial brief is part of the record, none of the exhibits are. (Trial Brief of Plaintiff/Counterclaim Defendant Bret Adams, June 10, 2015.) "[I]t is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19 (1988); App.R. 9(B) and 10(A). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 13} We find that the trial court did not abuse its discretion in determining "[t]here is no evidence that the parties and the claims they settled included Counterclaim Plaintiffs' abuse of process claim against [Adams] that is at issue here as

[Simonetti and Burkhart] were not named parties at trial in Case No. 2011 CV 2192." (Trial Court Findings of Fact and Conclusions of Law, July 29, 2016 at 4.)

{¶ 14} The first assignment of error is overruled.

## IV. There was no Abuse of Discretion on the Abuse of Process Claim

{¶ 15} The second assignment of error argues that Simonetti and Burkhart failed to meet their burden of proof with respect to their counterclaim for abuse of process and separately Adams' reliance on the advice of his then current counsel acting as a defense to the abuse of process claims.

{¶ 16} To establish a claim for abuse of process, a party must prove (1) that a legal proceeding has been set in motion in proper form and with proper cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process. *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264 (1996). "Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." *Id.* at 271. The tort of abuse of process and the tort of malicious prosecution have different elements, but, in some situations, the same facts which may constitute an abuse of process may also support an action for malicious prosecution. *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 298 (1994).

{¶ 17} The second assignment of error asserts that Adams relied on the advice of his then lawyer and that reliance is somehow a defense in this abuse of process lawsuit. The assertion that reliance upon your lawyer's advice is a defense to an abuse of process claim has no merit. Adams cites *Reenan v. Klein*, 3 Ohio App.3d 142, 144 (1st Dist.1981), arguing that where a party has fully and fairly informed legal counsel, then reliance upon the advice of that counsel is a complete defense to a claim for abuse of process.

{¶ 18} Advice of counsel is not a defense to false arrest, false imprisonment, abuse of process, or negligent or intentional infliction of emotional distress. *See Thompson v. R & R Serv. Sys.*, 10th Dist. No. 94APE12-1797 (Aug. 3, 1995). In an action for malicious prosecution, the advice of counsel is a complete defense. *Ashcraft v. Lodge*, 118 Ohio App. 506 (1st Dist.1963). It appears Adams has confused the claims of abuse of process

and malicious prosecution. The holding in the *Reenan* case does not suggest that reliance upon the advice of counsel is a defense to an abuse of process claim. *See Reenan* at 144.

{¶ 19} The second assignment of error also questions the way the trial court judge who headed the case handled the proceedings and resolved the issues presented, arguing that Simonetti and Burkhart failed to meet their burden of proof.

{¶ 20} This lawsuit is fraught with actions by the parties, especially Adams, which do not seem to further the resolution of the factual issues and/or legal issues involved. Instead, these filings are seemly done to gain a tactical advantage, including the filing of a lawsuit against the trial court judge.

{¶ 21} The same judge, who had been sued by Adams, entered the judgments here, but did so after hearing evidence and journalizing findings of fact and conclusions of law submitted by Simonetti and Burkhart. The trial judge found that Adams used his lawsuit and the trial court to accomplish an ulterior purpose for which the legal system was not intended or designed and that lawsuit caused Simonetti and Burkhart direct harm and damage. (Trial Court Findings of Fact and Conclusions of Law, July 29, 2016 at 6.) The trial court judge's resolution of the issues was not an abuse of discretion.

{¶ 22} The second assignment of error is overruled.

{¶ 23} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____