**ASKIN STORES INC. v BENDER**

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5671.  Decided Feb. 19, 1940

Messrs. Ratterman, Cowell & Fletcher, Cincinnati, for appellant.

Jesse Locker, Cincinnati, for appellee.

**OPINION**

By MATTHEWS, J.

This is a proceeding in aid of execution.

The trial court dismissed the proceeding for failure to make demand prior to the commencement of the proceeding, as required by §10272, GC.

It appears from the bill of exceptions that the judgment creditor sent by registered mail to the judgment debtor's usual place of residence a notice in due form, in an envelope upon which was the direction to return it to the sender in three days. Return receipt of the letter, signed by debtor, was requested by notation on the envelope.

The unopened letter was returned and endorsed "Unclaimed". The judgment debtor testified that he resided at the place stated in the address, but that he did not receive the letter. That is all the evidence. It does not appear what, if anything, the postman did in an effort to deliver the letter. It does not appear whether the postman tendered the letter to the judgment debtor, or anyone else at the address.

Sec. 10272, GC, provides that:

"Such demand shall be made * * * by delivering such demand personally, or by leaving it at, or by sending it by registered letter to the debtor's usual place of residence."

It appears from this that the judgment creditor performed the precedent act required by the statute to entitle it

to institute the proceeding in aid of execution. It is true that the judgment debtor did not receive the notice, but the statute does not require that he should. Had the legislature, in its wisdom, so decided, it could have dispensed with all effort to make demand on the judgment debtor before instituting this proceeding. By §11773, GC. the legislature has left it to the discretion of the judge issuing the order to decide what notice, if any, should be given to the judgment debtor of the institution of proceedings in aid.

For this reasoin, the. order of dismissal is reversed, and an order may be entered, directing the application of the fund to the part payment of the judgment.

HAMILTON, PJ. & ROSS, J., concur.