DELK, APPELLEE, v. COLONIAL FINANCE CO., APPELLANT.*

---

*Motion to certify the record overruled, September 25, 1963. Appeal dismissed, 175 Ohio St., 248.

(No. 9178—Decided March 27, 1963.)

*Mr. Bernard C. Fox,* for appellee.
*Mr. Donald E. Calhoun* and *Mr. Louis R. Schear,* for appellant.

HILDEBRANT, J. The parties will be referred to as they appeared in the court below, where the plaintiff recovered a judgment entered on a jury verdict of nine thousand ($9,000) dollars, as damages in a suit for malicious prosecution of a civil suit, to wit, proceedings in aid of execution by way of attachment and garnishment.

Plaintiff's amended petition, in two causes of action, bases his claim upon two affidavits and orders in aid of execution executed by defendant's attorney, one Schear, filed on December 21, 1959, and January 22, 1960, respectively. Each affidavit was upon a printed form furnished by the Cincinnati Municipal Court containing a printed statement that the plaintiff therein, at least five days and not more than thirty days before filing the affidavits, had made a demand in writing upon the debtor, as required by Section 2715.02, Revised Code. In each instance, no such demand had been made, a fact which was freely stipulated

by defendant's counsel. While the amended petition characterizes the affidavits as false and malicious, it alleges merely that defendant failed to serve the required notices. Plaintiff then alleges:

"Wherefore by reason of the acts of defendant set out in the first and second cause of action of plaintiff in attaching plaintiff's wages, plaintiff was on January 29, 1960, discharged from his employment; and has suffered loss of earnings to date in the sum of $6,500, and will suffer loss of future earnings, damage to his reputation, great mental anguish and anxiety, to his damage in the sum of eight thousand five hundred and no/100 dollars ($8,500).

"That said acts of defendant were wilful and malicious and plaintiff prays for punitive damages in the sum of $5,000 and his attorney fees in this action.

"Wherefore plaintiff prays for judgment against defendant in the sum of $20,000, attorney's fees, and for such other relief as plaintiff may be entitled to."

A demurrer to the amended petition was overruled, and motions for judgment, made at the close of plaintiff's case and at the close of all the evidence, and for judgment *non obstante veredicto* were subsequently overruled, the correctness of the latter ruling presenting the question for decision in this case.

The petition alleges, and the record shows, that plaintiff, upon learning of the first affidavit through his employer, sought out defendant's attorney, Schear, made a voluntary payment on account of the defendant's valid judgment and agreed to pay a sum certain beginning on January 13, 1960, and each week thereafter. The proceeding based upon the first affidavit and the first cause of action in the petition was thereupon dismissed. Plaintiff failed to make payment on either January 13 or January 20, 1960, which resulted in the filing of the second affidavit.

In passing, we note here that while the clerk of the Municipal Court was a witness, the record contains no evidence of any proceeding had beyond the mere filing of the affidavit. It should be stated here that, in making a payment on account and agreeing to make regular payments thereafter, plaintiff made no objection to the lack of notice nor sought to have the proceeding dismissed for that reason or to avail himself of the trustees' provisions contained in Section 2715.02 of the Revised Code.

454

It therefore becomes obvious that plaintiff's first cause of action is perfectly groundless and can form no basis for any recovery of damages by the plaintiff.

There is sharp conflict on this subject outside Ohio. See 34 American Jurisprudence, 707, Malicious Prosecution, Section 10. The Ohio authorities noted herein must therefore be decisive of this appeal. Ohio makes no distinction between malicious prosecution and abuse of process, considering them the same. It may be stated generally that such actions are not favored in the law.

In the landmark case of *Cincinnati Daily Tribune Co.* v. *Bruck*, 61 Ohio St., 489, the general rule in Ohio is stated in paragraph one of the syllabus, as follows:

"As a general rule no suit will lie for the malicious prosecution of a civil action, where there has been no arrest of the person or seizure of property."

In the case of *Butler* v. *Swartz*, 12 Ohio Law Abs., 100, the headnote reads:

"A demurrer, to plaintiff's petition in an action for malicious prosecution, such petition alleging that defendant had instituted proceedings in aid of execution against the plaintiff and had summoned plaintiff's employer into court for examination, such acts causing plaintiff to be discharged, was properly sustained, as this was no such seizure of the property of the plaintiff as could constitute the basis for such an action."

In the case of *Perry* v. *Arsham*, 101 Ohio App., 285, adhering to the general rule, two exceptions thereto in the case of *Newark Coal Co.* v. *Upson*, 40 Ohio St., 17, and *Pope* v. *Pollock*, 46 Ohio St., 367, are cited. Those cases are to be distinguished from the instant case upon the facts. Webster's New International Dictionary, Unabridged (2 Ed.), defines "garnishment":

"1. Ornament. 2. Law. Warning, or legal notice, to one to appear in court on some matter; specif.: (a) A notice summoning a third party to appear in a suit. (b) Warning to a person in whose hands the effects of another are attached, not to pay the money or deliver the goods to the defendant, but to appear in court and answer to the suit of the plaintiff to the extent of his liability to the defendant; also, the proceeding so begun by service of this warning. The property attached is not seized. (c) equitable garnishment."

In an action for malicious prosecution, plaintiff must plead and prove by a preponderance of the evidence every essential element necessary to maintain the action, including want of probable cause and malice. It is obvious that the existence of defendant's valid judgment provided complete probable cause for instituting garnishment proceedings.

Malice may be either actual or express malice on the one hand or legal or implied malice on the other.

At page 169 of the bill of exceptions, plaintiff expressly abandoned any claim to punitive damages or for attorney fees or for damage to reputation. It, therefore, clearly appears that no claim of actual malice is relied upon.

In view of that action, the maximum amount claimed in the prayer does not exceed $8,500. The judgment being for $9,000, it appears the case would require reversal upon that ground alone. It further suggests the jury entertained a prejudice against the defendant.

As to legal or implied malice, in *Smith* v. *Transamerican Freight Lines, Inc.*, 72 Ohio App., 239, this court reviewed the following charge:

"In order for the plaintiff to recover in this case he must show by a preponderance of the evidence that the defendant acted through malice toward the plaintiff. Such malice may be either actual or implied, but malice can be implied only from the intentional doing of a wrongful act, with the knowledge that such act is wrongful."

Speaking through Ross, J., this court stated at page 245:

"It is objected that the statement 'malice can be implied only from the intentional doing of a wrongful act' is incorrect. How could malice be inferred from the unintentional doing of a wrongful act? Malice is a state of mind. It may exist as a vicious attitude seeking injury to the one against whom it is directed. It may exist in one who, regardless of another's legal rights, commits a wrong against him, but if the doer of the wrong is wholly ignorant that he is doing such wrong, how can it be said his act was malicious? In either case the attitude of mind must be active. In the instant case, certainly, the defendant intentionally filed the suit against plaintiff and levied the attachment. If these acts were wrongful—that is, violations of the plaintiff's legal rights—they were intentional acts and

malice could be inferred. On the other hand, had these actions been instituted by mistake or without the knowledge of defendant, but in its name, though wrongful, they could not be considered intentional, nor could malice be inferred therefrom.

"The special charge was correct and should have been given."

It is uncontradicted in the record that the affidavits herein were upon printed blank forms furnished by the Cincinnati Municipal Court and that, in practice, the attorney relied upon his office help to fill in the blanks properly, and that the signing thereof in a perfunctory manner, without having given notice, was purely an oversight, negligent perhaps, but not intentional, hence not malicious. Section 2715.02, Revised Code, requiring notice prior to proceedings in garnishment is for the benefit of the debtor and procedural only, and while a condition precedent notice, if given though not received, is not fatal to the proceedings in aid.

In *Askin Stores, Inc.,* v. *Bender,* 65 Ohio App., 307, the syllabus states:

"The requirements of Section 10272, General Code, as to demand upon a judgment debtor before proceedings in aid of execution are instituted, are fulfilled when the creditor has sent such demand by registered mail to the judgment debtor at his usual place of residence, with return address, and return receipt requested, although the letter is later returned to the creditor unopened and endorsed 'unclaimed.' "

At page 308, this court, speaking through Matthews, J., stated:

"It appears from this that the judgment creditor performed the precedent act required by the statute to entitle it to institute the proceeding in aid of execution. It is true that the judgment debtor did not receive the notice, but the statute does not require that he should. Had the Legislature, in its wisdom, so decided, it could have dispensed with all effort to make demand on the judgment debtor before instituting this proceeding. * * *"

In *Crow* v. *Sims,* 88 Ohio St., 214, paragraph one of the syllabus states:

"A suit for damages for causing an attachment to issue as auxiliary to a civil action for debt is no exception to the general rule that in all actions at common law for malicious prosecu-

tion or for the abuse of the processes of the court, malice and want of probable cause must be alleged and proven.''

From a careful study of this record it is clear that plaintiff has failed to sustain the burden of proof of malice, either actual or implied, and for that reason the motion for judgment *non obstante veridicto* should have been sustained.

Plaintiff attempted to argue a claim based on job interference, but neither the pleadings nor the proof justify the argument. It is apparent that an attempt to collect from wages is a complete negation of an attempt to interfere with the source of those wages. The record further contains competent, credible evidence in writing, signed by plaintiff's employer, that he was to be laid off, as the employer's records are marked, in any event, and for a variety of reasons, including seasonal lull, lax performance of duties and other garnishments, hence this defendant could not have been solely responsible for the layoff and resulting loss in wages.

It appearing there was no seizure of person or property and a failure of proof of the essential element of malice, either express or implied, the judgment will be reversed and final judgment for the defendant may be entered here.

*Judgment reversed.*

HOVER, P. J., and LONG, J., concur.