BUTTS, Appellant,

v.

BJELOVUK et al., Appellees.

[Cite as *Butts v. Bjelovuk* (1998), 129 Ohio App.3d 134.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73107.

Decided Aug. 13, 1998.

*Violet J. Tarcai,* for appellant.

*Abraham Kay,* for appellees.

PORTER, Presiding Judge.

Plaintiff-appellant Regina Holmes Butts appeals from the trial court's summary judgment in favor of defendants-appellees Gordona (a.k.a. Gloria) Bjelovuk and her father, Ljubo Bjelovuk, on plaintiff's claim of malicious prosecution. Plaintiff contends that genuine issues of material fact precluded disposition of the case on summary judgment. We find merit to this appeal and reverse and remand for further proceedings.

This case arose out of the written lease of an apartment at 9819 Denison Avenue in Cleveland from Ljubo Bjelovuk, lessor, to Mariah Kannel and her boyfriend, Christopher Horne, lessees, for a period of twelve months commencing August 15, 1994. Gordana, an attorney, acted for her father in this transaction. Since Mariah did not have enough money for the first month's payment, she borrowed $90 from Butts, her "common-law mother-in-law," to make the payment. The lease was signed by Mariah in the presence of Gordana. Butts's purported signature appears on the lease as a "cosignor." Mariah's affidavit states that Gordana told her to sign Butts's name as a formality. Gordana's affidavit denies any knowledge of how Butts's signature was placed on the lease and states that Gordana spoke with someone over the telephone who said that she was Butts and that she agreed to cosign. This dispute in the testimony will later appear critical as a handwriting expert opined that it is not Butts's signature on the lease.

When Mariah failed to pay October's rent, on October 24, 1994, Gordana, as agent for her father, commenced a forcible entry and detainer action in the Cleveland Municipal Court with a claim for rent due against Mariah, Horne, and Butts, all listed at the same address as the rental premises. Butts claimed that she was never served, although her address on the lease was listed as 3172 West 105th Street, Cleveland, Ohio 44111. On December 14, a default judgment was entered against the three for $900 in rent arrearage plus $300 for damage to the property. On March 6, 1995, Gordana obtained a garnishment order on Star Bank naming the three defendants, including Butts. The affidavit by Gordana specified Butts's account number at Star Bank. Gordana succeeded in attaching $322.82, which was the balance in Butts's account. Star Bank sent the municipal court a check for $272.82 after debiting Butts's account $50 for the garnishment. The $272.82 was remitted to Gordana by the municipal court.

Butts claims that she received no notice of the garnishment until the bank sent her a notice that there were insufficient funds in her account to cover a check that she had written. It was at that time that she became aware for the first time that her checking account had been attached and garnished in the amount of $322.82. Butts allegedly spoke with Gordana four times to explain that her name had been forged on the lease and that she had no knowledge of being a cosignor. Gordana's alleged response was simply "I've got a judgment." Butts thereafter retained an attorney, who advised her to have the signature on the lease analyzed by a handwriting expert. In spite of the handwriting expert's conclusion that Butts's signature on the lease was not genuine, Gordana refused to return the funds.

Thereafter, due to the inability to settle the matter, Butts's attorney filed a motion to vacate the default judgment based on the fact that Butts was never served. The default judgment was vacated at a hearing on August 1, 1996, and Butts was then personally served with the complaint by the bailiff. Approximately one month later, Gordana voluntarily dismissed the complaint without prejudice.

Butts thereafter filed a complaint for malicious prosecution against defendants on October 18, 1996, seeking compensatory and punitive damages for the wrongful lawsuit, garnishment, and subsequent proceedings. It was not until October 31, 1996, that Gordana finally attempted to return the funds. Her check was immediately returned to Gordana by Butts's attorneys, and the malicious-prosecution matter proceeded. The trial court thereafter granted Gordana's motion for summary judgment without opinion. Plaintiff's timely appeal ensued.

Plaintiff's assignments of error will be discussed together because they are all related to whether summary judgment was properly granted.

"I. The court erred in ruling that the plaintiff failed to state a claim for civil malicious prosecution against the defendants.

"II. The court erred in granting defendants' motion for partial summary judgment as there are genuine issues as to material facts that should be submitted to a jury and the defendants are not entitled to a judgment as a matter of law.

"III. The court failed to recognize the defendant's Gordana Bjelovuk's, also known as Gloria Bjelovuk's, violations of the Code of Professional Responsibility and the Ohio Rules of Civil Procedure."

Under Civ.R. 56, summary judgment is proper when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379; see, also, *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274. It is well settled that the party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358–359, 604 N.E.2d 138, 139–141.

However, the nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd.* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099; *Celotex, supra*, at 322–323, 106 S.Ct. at 2552–2553, 91 L.Ed.2d at 273–274. In accordance with Civ.R. 56(E), "a nonmovant may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial." *Chaney v. Clark Cty. Agricultural Soc.* (1993), 90 Ohio App.3d 421, 424, 629 N.E.2d 513, 515.

In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Supreme Court of Ohio modified the summary judgment standard as was applied under *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Presently, under the new standard, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or a material element of the nonmoving party's claim." *Id.* at 296, 662 N.E.2d at 276.

This court reviews the lower court's granting of summary judgment *de novo.* *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157 ("We review the judgment independently and without deference to the trial court's determination"). An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party. * * *[T]he motion must be overruled if reasonable minds could find for the party opposing the motion." *Saunders v. McFaul* (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24, 26; *Link v. Leadworks Corp.* (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140, 1144.

The necessary elements of a claim of malicious civil prosecution are stated in *Robb v. Chagrin Lagoons Yacht Club* (1996), 75 Ohio St.3d 264, 662 N.E.2d 9, syllabus, citing *Crawford v. Euclid Natl. Bank* (1985), 19 Ohio St.3d 135, 19 OBR 341, 483 N.E.2d 1168, as follows:

"In order to state a cause of action for malicious civil prosecution in Ohio, four essential elements must be alleged by the plaintiff: (1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings."

The malice required for such an action is "the state of mind under which a person intentionally does a wrongful act without a reasonable lawful excuse and with the intent to inflict injury or under circumstances from which the law will infer an evil intent." *Criss v. Springfield* (1990), 56 Ohio St.3d 82, 85, 564 N.E.2d 440, 443.

Based on the affidavits of Butts and Mariah Kannel, it may be argued that the defendant Gordana instituted the eviction and rent claim case against Butts knowing full well that she was not a lessee and had not signed the lease as a cosignor. The affidavit of Mariah states that defendant Gordana told her to sign Butts's name to the lease. If that testimony is believed rather than Gordana's version, there is a disputed issue of material fact as to whether Gordana instituted suit against Butts with malicious intent. At the same time, this factual dispute raises a question of "lack of probable cause for the filing of the prior lawsuit" against Butts.

This court addressed a similar situation in *Ambrose v. Soc. Natl. Bank* (Mar. 16, 1989), Cuyahoga App. No. 55137, unreported, 1989 WL 24939. In that case, the plaintiff's ex-wife had committed forgery by signing his name to a credit card application. A civil suit for collection proceedings was initiated in Cleveland Municipal Court with Society Bank obtaining a default judgment for the unpaid

credit card balance. The plaintiff's wages were garnished in the amount of the unpaid bill. The plaintiff thereafter filed a malicious-prosecution claim against the bank, alleging that the bank had instituted the legal action notwithstanding the fact that it had been given information regarding the forgery. This court reversed the trial court's summary judgment in the bank's favor, holding:

"Examining the appellant's complaint and the record in the light most favorable to the appellant shows that the prior proceeding (civil action in Cleveland Municipal Court) was terminated in favor of the appellant and that his property, through garnishment was seized. [Citations omitted.] In addition, the appellant in his complaint alleged that the appellee had been informed of the fraudulent conduct of the appellant's former wife in the execution of the VISA credit card application and his nonliability for any debt associated with the VISA credit card. These allegations, if true, raise the issue of whether the appellee had knowledge of the fraudulent conduct of the appellant's former wife prior to the institution of collection proceedings and garnishment which in turn raises the issue of malice and probable cause." *Id.* at 7.

 Furthermore, although we are aware that "an attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client," this does not hold true when the third party is in privity with the client or the attorney acts maliciously. *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 10 OBR 426, 462 N.E.2d 158, paragraph one of syllabus; *Woyczynski v. Wolf* (1983), 11 Ohio App.3d 226, 227, 11 OBR 350, 351–352, 464 N.E.2d 612, 614–615. This court in *Woyczynski* held that in the context of attorney liability for malicious prosecution, it must be shown that the attorney did not have a good-faith basis for believing that the civil or criminal proceeding was warranted under existing law or under a good-faith argument for extension, modification, or reversal of existing law. *Id.* at 228, 11 OBR at 352–353, 464 N.E.2d at 615–616. In the case herein, Gordana was both the attorney and the client, *i.e.*, agent for her lessor father. Gordana, according to Mariah's affidavit, encouraged the forgery and, according to plaintiff, unbeknownst to her, added plaintiff as a cosignor. This alleged conduct (if true) by an attorney who then proceeds to file an action against the cosignor satisfies the elements of malice and lack of probable cause required for a malicious-prosecution action.

The plaintiff has also offered evidence to satisfy the third prong of the malicious-prosecution case, that is, that the prosecution terminated in her favor. Although Gordona did voluntarily dismiss the case against the plaintiff, it was not until September 1996. This was well after the plaintiff allegedly contacted Gordona four times, pleading with her to return her money because her signature had been forged. Even when plaintiff obtained an expert report from a hand-

writing expert that stated that the signature was a forgery, Gordana refused to return the money. It was not until the trial court granted the plaintiff's Civ.R. 60(B) motion to vacate the default judgment that Gordana finally voluntarily dismissed the case. Even then, she did not attempt to return the money until after the malicious-prosecution action was filed against her. Given the history leading up to this action, it appears that Gordana did not drop her case until she saw that she would have to confront the mounting evidence against her.

Furthermore, this court in *Arrington v. Liberty Loan Corp.* (Jan. 27, 1977), Cuyahoga App. No. 35454, unreported, quoting 3 Restatement of the Law, Torts (1938) 444–445, Comment *g* to Section 674, with respect to malicious prosecution, held:

" 'g. *Termination in favor of the person against whom civil proceedings are brought.* Civil proceedings may be terminated in favor of the person against whom they are brought under the rule stated in Clause (b), (1) by the favorable adjudication of the claim by a competent tribunal, or (2) *by the withdrawal of the proceedings by the person bringing them* * * *.'* (Emphasis added.)

"Defendant-appellee's failure to continue garnisheeing plaintiff-appellant's wages clearly constituted a 'withdrawal of the proceedings,' and consequently qualified as a 'termination in favor of the person against whom [the wrongful] civil proceedings [were] brought.' " *Id.* at 7.

In that opinion, this court also quoted *Fortman v. Rottier* (1858), 8 Ohio St. 548, 552, for the proposition that in a malicious-prosecution case, " 'when the termination of the former suit can neither tend to establish nor invalidate the plaintiff's cause of action, it is not necessary to aver such termination.' " *Id.* at 551. In this case, the voluntary dismissal by the defendant of the underlying action does not establish or invalidate the plaintiff's cause of action, since the dismissal does not alter the fact that Gordona garnished the plaintiff's account in the amount of $322.52 and did not even return the money once she dismissed the case. It was not until the malicious-prosecution case was filed that she attempted to return the money.

Finally, the plaintiff also presented sufficient evidence to overcome summary judgment regarding the final element of malicious prosecution, *i.e.*, that her property was seized during the course of the prior proceedings. Although defendants argue that garnishment proceedings are not appropriate as the basis of a malicious-prosecution claim, we disagree.

Defendants cite *Delk v. Colonial Fin. Co.* (1963), 118 Ohio App. 451, 25 O.O.2d 161, 194 N.E.2d 885, to support this proposition. However, in *Delk*, the plaintiff alleged that the basis for the malicious prosecution was the defendant's failure to serve him with notice of the garnishment proceedings and that because it had

summoned his employer to court to testify, he was thereafter fired. The plaintiff did not even contend that the underlying action to the garnishment was wrongly pursued as he agreed to voluntarily pay the judgment once he learned of the garnishment proceedings. In this case, there is no dispute that the money from the plaintiff's account was actually seized and plaintiff disputed the underlying action regarding the money judgment. Plaintiff is not merely alleging that the lack of notice constituted the malicious prosecution as did the plaintiff in *Delk*. This court has, in fact, found that where the money is in fact seized, the garnishment constitutes sufficient grounds for malicious prosecution. See *Arrington; Ambrose, supra; Dean v. Centr. Natl. Bank* (Nov. 19, 1981), Cuyahoga App. No. 43740, unreported, 1981 WL 4632.

Based on the foregoing, plaintiff's Assignments of Error I and II are sustained. Assignment of Error III relates to matters that are not properly before this court. *David v. Schwarzwald, Robiner, Wolf & Rock* (1992), 79 Ohio App.3d 786, 802, 607 N.E.2d 1173, 1183. Therefore, Assignment of Error III is overruled.

*Judgment reversed*
*and cause remanded.*

SPELLACY and MICHAEL J. CORRIGAN, JJ., concur.