OPINION
Plaintiffs-appellants, Michael A. Clauder and MAC Storage (collectively, "Clauder"), appeal from the judgment of the trial court dismissing their second amended complaint for failure to state a claim on which relief could be granted. For the following reasons, we affirm the trial court's dismissal of the complaint pursuant to Civ.R. 12(B)(6).
Before a court may grant a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim on which relief can be granted, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."[1] Further, in ruling on the motion to dismiss, the court must accept all material factual allegations of the complaint as true.[2]
In the second amended complaint, Clauder alleged causes of action for malicious prosecution and tortious interference with contract. Clauder alleged that defendants-appellees, Lanny Holbrook and Eastgate Village, Ltd. (collectively, "Holbrook"), had engaged in negotiations for the sale of a certain parcel of land in Indiana. The parties ultimately entered into a land contract, which contained a provision requiring Clauder's release from certain loan obligations and other conditions of sale. The contract also contained a closing date of July 1, 1996, for the sale of the property.
The closing did not occur on the specified date. However, on July 1, 1996, Holbrook filed a copy of the land contract in the office of the recorder of the county in which the land was located. Clauder conditionally agreed to extend the time for closing, but, in September 1996, wrote a letter to Holbrook stating, "It is a shame we could not work something out agreeable to us both, however, sometimes it just does not work."
On September 12, 1996, Clauder entered into a contract with another company, Capital Development Corporation, for the purchase of the property. On October 18, 1996, Holbrook filed a complaint in the Hamilton County Court of Common Pleas for specific performance of the land contract entered into by Holbrook and Clauder. The trial court held, and this court affirmed the holding, that Holbrook was not entitled to specific performance because the contract required Holbrook to obtain Clauder's release from certain loan obligations prior to the consummation of the sale, and because Holbrook had failed to do so.[3]
While the case was still on appeal, Clauder filed the instant action for tortious interference with contract and malicious prosecution, claiming that Holbrook had no legitimate right to file the lawsuit in state court or to file the land contract in the county recorder's office. Clauder claimed in his complaint that Holbrook's conduct caused Capital Development to refuse to close on the sale of the property that was the subject of the lawsuit.
To state a claim for malicious prosecution, the complaint must allege the following: (1) the defendant maliciously instituted proceedings against the plaintiff; (2) the defendant lacked probable cause to institute the proceedings; (3) the proceedings were terminated in the plaintiff's favor; and (4) the plaintiff's person or property was seized during the proceedings.[4] In this case, the complaint failed to state a claim for malicious prosecution because the complaint did not adequately allege that Clauder's property was seized.
Neither the filing of the land contract nor the filing of the lawsuit caused a "seizure" of Clauder's property as that term is defined in cases for malicious prosecution. The Supreme Court of Ohio has stated that "[a] cause of action for malicious civil prosecution will lie only in cases where there is a prejudgment seizure of property, i.e., where there essentially has been a judgment against, and a concomitant injury suffered by, a defendant before he has had a chance to defend himself."[5]
Property is seized when, for instance, the plaintiff is deprived of "possession, use, or enjoyment" of the property[6] or when the plaintiff's property is garnished.[7]
In this case, Clauder claims that his property was seized because the land contract filed in the recorder's office and the lawsuit rendered the title to the land unmarketable. Such an allegation fails, as a matter of law, to implicate a seizure of property for the purposes of a malicious-prosecution claim. In The Cincinnati Daily Tribune Co. v. Bruck,[8] a corporation alleged in a counterclaim that the plaintiff had, maliciously and without probable cause, instituted a suit against it for dissolution and appointment of a receiver. The corporation, in its complaint, alleged that the lawsuit "prevented a sale of property then being negotiated," and otherwise injured the company's credit and reputation.[9]
The Supreme Court of Ohio held that the plaintiff had failed to allege a seizure of its property and therefore had not stated a claim for malicious prosecution. The court noted that "[h]ad a receiver been appointed and possession taken of the [corporation's] property," a cause of action for malicious prosecution could have been maintained.[10]
In The Cincinnati Enquirer v. Abney,[11] the plaintiff sought to foreclose on a mortgage that purported to encumber property that had been registered in the name of a husband and wife. Because the property was an estate by the entireties, neither spouse could mortgage the property without the consent of the other. In Abney, however, only the husband had signed the contract to mortgage the property. When the mortgagee attempted to foreclose, the court dismissed the claim because the mortgage was invalid.
The wife filed a counterclaim for malicious prosecution of the foreclosure, alleging that the alleged mortgagee was aware that the property was an estate by the entireties and knew that the mortgage was invalid. The wife claimed that the property was "seized" for the duration of the foreclosure proceeding. However, this court held that the entry of the mortgage on the certificate of title with the Hamilton County Recorder's Office did not constitute a "seizure" of the property.
Similarly, we hold that the conduct of Holbrook in filing the land contract and instituting a lawsuit for specific performance of the land contract did not meet the requirement for seizure of the property. Here, Clauder claims no more than that the suit made sale of the property infeasible. Such an allegation falls far short of the type of seizure required in Ohio courts to maintain a cause of action for malicious prosecution. Clauder has not alleged interference with possession, use or enjoyment of the property that was the subject of the lawsuit, and none of his property has been subject to attachment, injunction or garnishment. We hold, therefore, that the allegations in the complaint fail as a matter of law to state a claim for malicious prosecution.
We also hold that Clauder has failed to state a claim for tortious interference with contract. Such a claim requires the following proof: (1) a valid contract existed; (2) the defendant was aware of the existence of the contract; (3) the defendant intentionally procured a breach of the contract; (4) the defendant lacked justification for his conduct; and (5) the plaintiff suffered damages as a result of the defendant's conduct.[12]
In this case, Clauder claims that Holbrook intentionally procured a breach of the agreement between Clauder and Capital Development by filing the land contract in the recorder's office and by filing a lawsuit for specific performance of the parties' earlier contract. However, Clauder's allegations demonstrate that Holbrook filed the land contract with the recorder's office months before Clauder entered into a contract with Capital Development. Since no contract existed when the land contract was filed, Holbrook's action cannot, as a matter of law, support a claim for tortious interference with contract.
Ohio courts recognize the defense of privilege to tortious-interference-with-contract claims,[13] and whether absolute privilege applies in a given case is necessarily one of law for the trial court to determine.[14] In evaluating claims for tortious interference with contract, Ohio courts follow the Restatement of Law 2d, Torts,[15] which states in part:
 One is privileged purposely to cause another not to perform a contract, or enter into or continue a business relation, with a third person by in good faith asserting or threatening to protect properly a legally protected interest of his own which he believes may otherwise be impaired or destroyed by the performance of the contract or transaction.[16]
In this case, the record supports the conclusion that, even if Holbrook had interfered in the contract between Clauder and Capital Development, he had a privilege to do so by lawfully seeking resolution of his dispute with Clauder in the court of common pleas.[17] Therefore, we hold that the trial court did not err in dismissing Clauder's complaint for failure to state a claim on which relief could be granted.
Finally, we hold that the trial court did not err in dismissing a claim for abuse of process. Abuse of process was not pleaded as a cause of action in Clauder's complaint, but Clauder contends that the facts alleged in the complaint would support such a cause of action. To establish abuse of process, the evidence must show that (1) a legal proceeding was set in motion in proper form and with probable cause; (2) the proceeding was perverted in an attempt to accomplish an ulterior purpose for which it was not designed; and (3) direct damage resulted from the wrongful use of process.[18]
Here, the complaint contained no allegations that the legal proceeding instituted by Holbrook was "set in motion in proper form and with probable cause." On the contrary, the complaint alleged that the prior proceeding was initiated improperly and without probable cause. The factual allegations in the complaint failed to state a claim for abuse of process.
The trial court did not err in dismissing, pursuant to Civ.R. 12(B)(6), Clauder's complaint for malicious prosecution and for tortious interference with contract. The trial court also correctly determined that Clauder's complaint failed to allege factual allegations that would support a claim for abuse of process. The trial court's judgment, accordingly, is affirmed.
Judgment affirmed.
GORMAN and SHANNON, JJ., concur.
RAYMOND E. SHANNON, retired, of the First Appellate District, sitting by assignment.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Opinion.
[1] O'Brien v. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
[2] See Vail v. Plain Dealer Publishing Co. (1995),72 Ohio St.3d 279, 649 N.E.2d 182.
[3] See Eastgate Village Ltd. v. Clauder (Dec. 17, 1997), Hamilton App. No. C-970052, unreported.
[4] See Robb v. Chagrin Lagoons Yacht Club (1996),75 Ohio St.3d 264, 662 N.E.2d 9.
[5] Robb, supra, 75 Ohio St.3d at 270, 662 N.E.2d at 14.
[6] Newark Coal Co. v. Upson (1883), 40 Ohio St. 17, 25.
[7] Butts v. Bjelovuk (1998), 129 Ohio App.3d 134, 139,717 N.E.2d 381, 384.
[8] (1900) 61 Ohio St. 489, 56 N.E. 198.
[9] See id., 61 Ohio St. at 490, 56 N.E. at 199.
[10] See id., 61 Ohio St. at 491, 56 N.E. at 199.
[11] (Apr. 6, 1988), Hamilton App. No. C-870232, unreported.
[12] See Kenty v. Transamerica Premium Ins. Co. (1995),72 Ohio St.3d 415, 650 N.E.2d 863.
[13] Smith v. Ameriflora 1992, Inc. (1994), 96 Ohio App.3d 179,187, 644 N.E.2d 1038, 1043.
[14] Surace v. Wuliger (1986), 25 Ohio St.3d 229, 234,495 N.E.2d 939, 943.
[15] See, e.g, Siegel v. Arter Hadden (1999), 85 Ohio St.3d 171,707 N.E.2d 853.
[16] Restatement of Law 2d, Torts (1979), Section 773.
[17] See Bell v. Le-ge, Inc. (1985), 20 Ohio App.3d 127,485 N.E.2d 282 (one cannot be liable for tortious interference with a business relationship by protecting his own lawful interest); Pearse v. McDonald's Systems of Ohio (1975), 47 Ohio App.2d 20,24, 351 N.E.2d 788, 791 (one is privileged to cause another person not to perform a contract if he, in good faith, asserts a legally protected interest).
[18] Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994),68 Ohio St.3d 294, 626 N.E.2d 115, syllabus.