JOURNAL ENTRY AND OPINION
Plaintiff-appellee East Ohio Gas Co. (hereafter "East Ohio") sued defendant-appellant J. Harvey Crow in the Garfield Heights Municipal Court for the unpaid balance due on two accounts, together with interest at the rate of 10% from May 5, 1997 and court costs. Crow denied East Ohio's allegations and the matter was set for trial. East Ohio then requested leave to file a motion for summary judgment instanter, simultaneously filing its summary judgment motion and related evidentiary exhibits. The trial court granted East Ohio's request for leave and Crow subsequently filed his memorandum opposing East Ohio's motion for summary judgment. The trial court granted East Ohio's motion for summary judgment, entering judgment in favor of East Ohio in the amount of $1,484.31 plus 10% interest from May 5, 1997.
Crow's assignment of error asserts that the judgment is contrary to law. We do not agree. Under Civ.R. 56 (C), summary judgment is appropriate when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc.
(1998), 82 Ohio St.3d 367, 369-370; Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327. The moving party bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall (1997), 77 Ohio St.3d 421, 430. If the moving party discharges this initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112. This reciprocal burden requires the nonmoving party to respond, with evidence as allowed by Civ.R. 56 (C), setting forth specific facts showing that there is a genuine issue for trial; the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings ***." Civ.R. 56 (E). See also Butts v. Bjelovuk (1998), 129 Ohio App.3d 134. We review the trial court's judgment de novo and use the same standard that the trial court applies under Civ.R. 56 (C). See Lee v.Sunnyside Honda (1998), 128 Ohio App.3d 657, 660; N. Coast CableL.P. v. Hanneman (1994), 98 Ohio App.3d 434, 440.
In this case, East Ohio sought leave to file for summary judgment instanter on December 22, 1998, contemporaneously tendering a copy of the summary judgment motion and related evidentiary exhibits. The court granted leave on December 31, 1998, and Crow filed his memorandum in opposition to East Ohio's summary judgment motion on January 6, 1998. On January 8, 1999, the day set for trial, the trial court granted East Ohio's motion for summary judgment.
Crow now complains that it was error for the court to rule on East Ohio's summary judgment motion less than fourteen days after leave was granted, in violation of Civ.R. 56 (C). We disagree. If East Ohio's summary judgment motion were deemed filed when it sought leave to file instanter on December 22, 1998, then the court complied with Civ.R. 56 (C) by hearing the matter on January 8, 1999. If, on the other hand, East Ohio's summary judgment motion were deemed filed only when the court granted leave on December 31, 1998, Crow still filed his opposing memorandum on January 6, 1999, before the court heard the motion. Crow gave no indication that his January 6, 1999 memorandum was not his complete response to East Ohio's summary judgment motion. Nor did Crow seek additional time in order to secure evidence to oppose East Ohio's motion. Having opposed East Ohio's summary judgment motion, Crow gave the trial court no reason to delay ruling on the motion.[1]
Crow additionally contends that East Ohio was not entitled to a summary judgment, but the record before us demonstrates that East Ohio adequately established its right to relief. East Ohio supported its motion for summary judgment with an affidavit by the general credit manager for East Ohio Gas/Akron, who averred that Crow owed the unpaid balance due on the two accounts identified in the complaint, plus interest. In response, Crow's brief denied East Ohio's allegations but did not provide any evidence, as allowed by Civ.R. 56 (C), setting forth specific facts showing that there was a genuine issue for trial. Instead, he rested upon merely an argument. Even then, Crow did not deny he received the gas service and did not pay for this service. East Ohio therefore demonstrated that (1) there was no genuine issue of material fact, (2) East Ohio was entitled to judgment as a matter of law, and (3) after construing the evidence most favorably to Crow, reasonable minds can reach only a conclusion that is adverse to Crow.
We are obliged, however, to modify the judgment in part on the basis of East Ohio's own evidence. In particular, the invoice statement submitted with East Ohio's complaint and amended complaint indicates that the balance due on one account was $1,264.11 while the balance due on the second account was $220.20, leaving a total unpaid balance in the aggregate amount of $1,484.31. In the individual account statements identified by East Ohio's general credit manager to support the summary judgment motion, however, we see that while the previous balance on the first account, for the 784 Copley Road address, was $1,264.11, the final balance for that account, after credits, was $1,226.60. The balance due on the second account, for the 776 Copley Road address, remained unchanged at $220.20. Consequently, the documentary evidence submitted in support of East Ohio's summary judgment motion established that the correct unpaid balance due on both accounts was in the aggregate amount of $1,446.80, that is, $1,226.60 plus $220.20. We therefore modify the judgment to render judgment in favor of East Ohio in the amount of $1,446.80, plus 10% interest from May 5, 1997.
Crow's assignment of error is overruled.
The judgment is affirmed as modified.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY McMONAGLE, J., and JAMES D. SWEENEY, J., CONCUR.
 ________________________________ DIANE KARPINSKI, PRESIDING JUDGE
[1] On the morning of oral argument, Crow, with new counsel, cited as supplemental authority the decisions in Soni OrthopaedicClinic, Inc. v. Hill (July 1, 1985), Stark App. No. CA-6623, andContinental Secret Service Bureau, Inc. v. Vogelsang (June 25, 1982), Lucas App. No. L-82-072, unreported. In those cases, the trial courts prematurely granted summary judgments before the nonmoving parties' response was filed or even due to be filed. In the case at bar, however, Crow did file his opposing memorandum before the motion was heard. Those cases are therefore distinguishable.