OPINION
{¶ 1} Plaintiff-appellant, Pinnacle Management, appeals the decision of the Fairfield Municipal Court, in a forcible entry and detainer action. We affirm the decision of the trial court.
 {¶ 2} On May 30, 2002, defendant-appellee, Joetta Smith, entered into a one-year residential lease agreement with Pinnacle Management, for an apartment located at 856 Governor's Drive in Fairfield, Ohio. The lease required Smith to pay rent of $575 monthly. Defendant-appellee, Louise Robertson, co-signed the lease but never occupied the premises. This fact was known to Pinnacle, as was Robertson's home address. Smith vacated the apartment in August 2002 without paying rent for that month. She did not pay rent for any subsequent month.
 {¶ 3} On August 12, 2002, Pinnacle served Smith and Robertson with a Notice to Leave Premises by leaving the notice at the leased residence. Pinnacle also mailed a copy of the notice to Robertson at her residence. Pinnacle filed a complaint for eviction and money damages on August 20, 2002. Pinnacle served the complaint on Robertson at the leased residence. In September 2002, a default judgment was entered in favor of Pinnacle on the eviction action as neither Smith nor Robertson appeared for the hearing or filed a responsive pleading. In October 2002, Pinnacle was granted a default judgment in the amount of $6,874.12 on its claim for damages. Pinnacle garnished Robertson's wages in order to collect on the judgment. In spite of the fact that Robertson made payment in order to avoid the garnishment, her wages were indeed garnished in December and January. Pinnacle leased the apartment to another tenant in January 2003.
 {¶ 4} In February 2003, Robertson filed a motion to set aside the judgment. The trial court granted the motion, finding that Robertson had not been properly served. Robertson subsequently filed an answer and counterclaim for attorney fees, and the matter proceeded to trial.
 {¶ 5} The trial court awarded Pinnacle $71.80 for an unpaid water bill; $160.10 for unpaid utilities; and $934.18 in unpaid rent through September 19. The trial court found that Pinnacle failed to mitigate its damages and consequently did not award any further amount for lost rent. The trial court also granted judgment in favor of Robertson on her counterclaim, and awarded her $500 in attorney fees as a result of Pinnacle's abuse of process in serving Robertson at an address known not to be hers, and fraud upon the court. Pinnacle appeals, raising four assignments of error.
 {¶ 6} Assignment of Error of No. 1:
 {¶ 7} "The trial court erred as a matter of fact in concluding no evidence was presented as to plaintiff's efforts to mitigate damages and the court specifically finds that plaintiff failed to mitigate damages."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "The trial court erred as a matter of law in placing the burden of proving mitigation on plaintiff-appellant."
 {¶ 10} Because the first two assignments of error are related, we will address them together.
 {¶ 11} A landlord has a duty to employ reasonable efforts to mitigate damages caused by the breach of a residential lease agreement. Dennis v. Morgan, 89 Ohio St.3d 417, 419,2000-Ohio-211; Zunshine v. Wallace F. Ackley Co. (Mar. 30, 2000), Franklin App. No. 99AP-531. "Landlords mitigate by attempting to re-rent the property. Their efforts to do so must be reasonable, and the reasonableness should be determined at the trial level. If the lessor has acted reasonably in attempting to secure a new tenant, the lessee is liable for the rent up to the point of the lessor's finding a new tenant, or the expiration of the lease, whichever is earlier." Dennis at 419. However, a landlord is not required to use extraordinary efforts to find a new tenant or attempt the unreasonable or impracticable.Endersby v. Schneppe (1994), 73 Ohio App.3d 212.
 {¶ 12} The failure to mitigate damages is an affirmative defense. Young v. Frank's Nursery Crafts, Inc. (1991),58 Ohio St.3d 242, 244. Whether a landlord made reasonable efforts to mitigate damages is a question of fact to be resolved by the trier of fact. See id. Reviewing this issue, an appellate court "will not disturb a trial court's findings of fact where the record contains competent, credible evidence to support such findings." Wiltberger v. Davis (1996), 110 Ohio App.3d 46, 52
("[t]his standard of review of factual determinations is akin to that employed in a review of the manifest weight of the evidence in civil cases generally, as approved in C.E. Morris Co. v.Foley Constr. Co. [1978], 54 Ohio St.2d 279"). Further, a reviewing court must be guided by the presumption that the findings of the trial court are correct, as the trial judge is best able to view the demeanor of witnesses and use such observations in weighing the credibility of the testimony.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 13} In the present matter, the only evidence in the record regarding mitigation is the testimony of Dwayne Hilton, a Pinnacle partner. He testified that Pinnacle spent a "prorated" $39.38 on advertising to rent the apartment and that the invoice for the advertising had been lost. He also testified that Pinnacle "tried to re-rent the unit as quickly as possible."
 {¶ 14} Upon review of the record, we find that competent, credible evidence supports the trial court's finding that Pinnacle did not make reasonable efforts to mitigate its damages caused by the breach. The mere fact that a landlord advertises the apartment does not, by itself, preclude a finding that the landlord was unreasonable in his mitigation efforts. Beatley v.Schwartz, Franklin App. No. 01AP-911, 2004-Ohio-2945, ¶ 17.
 {¶ 15} We further find that the trial court did not inappropriately shift the burden to Pinnacle to prove the affirmative defense. Rather, the trial court appropriately weighed the evidence before it and concluded that Pinnacle failed to take reasonable efforts to mitigate its damages. The first and second assignments of error are overruled.
 {¶ 16} Assignment of Error No. 3:
 {¶ 17} "The trial court erred in finding the liability of cosigner to be different from the liability of the principal."
 {¶ 18} We agree generally with Pinnacle's contention that both Smith and Robertson are equally liable under the lease. See, e.g., Butts v. Bjelovuk (1998), 129 Ohio App.3d 134. However, we do not agree with Pinnacle that the trial court's decision imposes any lesser liability on Robertson than it does Smith.
 {¶ 19} The trial court's decision states that "Plaintiff is entitled to damages * * * against Defendant Smith." The decision further states that "[a]s co-signor Defendant Robertson is contractually obligated to Plaintiff for Defendant Smith's breach of the lease." Read as a whole, the trial court's decision clearly imposes the same liability on both Robertson and Smith. The third assignment of error is overruled.
 {¶ 20} Assignment of Error No. 4:
 {¶ 21} "The trial court erred as a matter of fact and law in finding in favor of defendant-appellee on plaintiff's complaint and in not awarding damages to plaintiff-appellant."
 {¶ 22} An appellate court may not disturb a trial court's award of damages if it is supported by competent and credible evidence. Meachum v. Miller (1992), 79 Ohio App.3d 35, 40, citing Baum v. Augenstein (1983), 10 Ohio App.3d 106. As noted above, weighing evidence and making credibility determinations are matters primarily within the province of the trier of fact.Seasons Coal Co. at 80.
 {¶ 23} Pinnacle's primary argument is that the trial court erred by not awarding unpaid rent from August 2002 through the time that the apartment was leased in January 2003. We concluded earlier in this opinion that the trial court did not err in finding that Pinnacle failed to mitigate its damages. Consequently, Pinnacle was not entitled to recover the full amount of unpaid rent.
 {¶ 24} Pinnacle notes two other items, a utility bill for $160.10 and a water bill for $71.80, which it claims the trial court failed to include in its decision. However, the trial court plainly awarded these amounts to Pinnacle in its decision, and we find Pinnacle's contention to be without merit. This court has reviewed the record and concludes that the trial court's findings are supported by competent and credible evidence. The fourth assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Powell, J., concur.