JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant Stumph Road Properties Co. ("Stumph Road") appeals from the decision of the Parma Municipal Court that awarded it two months rent less a security deposit under a one-year lease executed by defendant-appellee Anthony Suchevits ("Suchevits"). For the reasons that follow, we affirm.
 {¶ 3} The stipulated facts are as follows: Suchevits entered a lease with Stumph Road for the period between July 1, 2002 and June 30, 2003. Stumph Road contacted Suchevits in May 2003 to renew the lease for the period between July 1, 2003 and June 30, 2004. On May 15, 2003, Suchevits signed another one-year lease to commence on July 1, 2003. However, on May 31, 2003, Suchevits orally notified Stumph Road of his intention not to renew the lease and that he would instead vacate at the expiration of his original lease term on June 30, 2003. On June 4, 2003, Suchevits placed this in writing. Suchevits vacated the unit on June 30, 2003. On July 7, 2003, Stumph Road sent correspondence to Suchevits seeking $5,875.00, which included a full year's rent under the renewal lease among other charges.
 {¶ 4} Following trial, the lower court issued a journal entry containing the findings of fact and conclusions of law by the Magistrate. In part, the Magistrate found that Suchevits met his burden of establishing Stumph Road's failure to mitigate its damages. Stumph Road was awarded two months rent, to be offset by the entire amount of Suchevits' security deposit. Stumph Road's objections to the Magistrate's Decision were overruled and the trial court adopted the Decision of the Magistrate by order dated May 12, 2005.
 {¶ 5} Stumph Road presents three assignments of error for our review. We address them together because they all concern the defense of mitigation of damages and the court's resolution of that issue.
 {¶ 6} "I. The trial court erred by considering the affirmative defense of failure to mitigate damages when defendant/appellee never pleaded that defense.
 {¶ 7} "II. The trial court erred in placing the burden of proof upon plaintiff/appellant to demonstrate that it had attempted to mitigate its' damages.
 {¶ 8} "III. The trial court's finding that plaintiff/appellant failed to mitigate its' damages during the last ten (10) months of defendant/appellee's lease is against the manifest weight of the evidence and is error."
 {¶ 9} At trial, Stumph Road presented evidence of its alleged efforts to mitigate its damages. Stumph Road maintains approximately 430-450 rental units at its Kimberly Park Apartments, where Suchevits lived. During the relevant time, Stumph Road experienced a high vacancy rate around 20%. Evidence was offered about the general marketing efforts, including a computer sheet showing advertising efforts and the related costs for the period of June 2003 to June 2004. Suchevits' unit was not re-rented and remained unoccupied even at the time of trial.
 {¶ 10} The Magistrate rendered his decision based on stipulated facts and the evidence presented, which the trial court ultimately adopted in toto. It was determined that Stumph Road introduced evidence at trial about the efforts it made to mitigate the damages once Suchevits' vacated the unit. Notably, the court found "all of [the marketing efforts] * * * were carried out in the general course of business and would have occurred whether or not [Suchevits] had fulfilled the full lease." It was also determined that Stumph Road "had, and would continue to have, a large number of empty units, regardless of [Suchevits'] actions" based on testimony of the poor rental market reflecting an excess of 15%-20% vacancy rate. These findings are supported by the record evidence. On that basis, the court concluded "the advertising efforts made were not made in order to mitigate * * * exposure, but rather as part of [Stumph Road's] normal advertising campaign." It was further determined that Suchevits had met his burden of establishing a failure on the part of Stumph Road to satisify its duty to mitigate their loss by making reasonable efforts to re-rent the unit. Stumph Road was awarded two months rent, which was reduced by the amount of Suchevits' security deposit that Stumph Road had retained.
 {¶ 11} When a tenant vacates rental premises prior to the expiration of the lease term, the landlord has a duty to secure a new tenant in order to mitigate damages. Briggs v. MacSwain (1986), 31 Ohio App.3d 85,86. A landlord must make reasonable efforts to mitigate damages sustained by the tenant's breach of the lease. Master Lease of Ohio v.Andrews (1984), 20 Ohio App.3d 217, 220. The failure to mitigate damages is an affirmative defense. Young v. Frank's Nursery Crafts,Inc. (1991), 58 Ohio St.3d 242, 244. However, the court properly considers an affirmative defense that was not raised in accordance with Civ.R. 8(C) when the issue was tried with the implied consent of the parties and was properly before the trial court for determination pursuant to Civ.R. 15(B). See Shumar v. Kopinsky (Aug. 30, 2001), Cuyahoga App. No. 78875, citing Telmark, Inc. v. Liff, (Sept. 21, 1998), Madison App. No. 98-01-004; see McCabe/Marra Co. v. Dover (1995), 100 Ohio App.3d 139,148; Blevins v. Sorrell (1990), 68 Ohio App.3d 665, 671-672; see, also, Buel Stone Corp. v. Buckeye Aeration Serv. (Jan. 31, 1985), Franklin App. No. 84AP-440.
 {¶ 12} Stumph Road's duty to mitigate damages was raised with the consent of the parties during trial, including on the direct examination of Stumph Road's representative, as follows:
 {¶ 13} "Q: Now, you understand that after Mr. Suchevits, or any tenant vacates an apartment prior to the expiration of their Lease, you have an obligation to mitigate damages to try to re-rent the apartment, correct?
 {¶ 14} "A: Absolutely.
 {¶ 15} "Q: Okay. And did you make reasonable efforts in this particular matter to re-rent the apartment?
 {¶ 16} "A: Yes." (Tr. 9). {¶ 17} The transcript is replete with testimony concerning this issue and what efforts Stumph Road made to mitigate the loss.
 {¶ 18} The burden of proving a failure to mitigate damages lies with the party asserting the defense. Hines v. Riley (1998),129 Ohio App.3d 379. "A landlord is not required to use extraordinary efforts to find a new tenant or attempt the unreasonable or impracticable. Hines v. Riley (1998), 129 Ohio App.3d 379, 383; Foustv. Valleybrook Realty Co. (1981), 4 Ohio App.3d 164, 168, * * *. Whether a landlord made reasonable efforts to mitigate damages is a question of fact to be resolved by the trier of fact." Manor Park Apts.v. Garrison, Lake App. No. 2004-L-029, 2005-Ohio-1891. We accord deference to findings made by the trier of fact and will not reverse them if there is some competent, credible evidence in the record to support them. Id., citing C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279. We are further guided by the presumption that the findings of the trial court are correct, as the trial judge is best able to view the demeanor of witnesses and use such observations in weighing the credibility of the testimony. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80.
 {¶ 19} "The mere fact that a landlord advertises the apartment does not, by itself, preclude a finding that the landlord was unreasonable in his mitigation efforts." Pinnacle Mgmt. v. Smith, Butler App. No. CA2003-12-237, 2004-Ohio-6928, citing Beatley v. Schwartz, Franklin App. No. 01AP-911, 2004-Ohio-2945. In this case, the trial court found Stumph Road's marketing efforts were unreasonable to satisfy its duty. On appeal, Stumph Road claims this finding was an abuse of discretion and refers us to Applecrest Village Limited Partnership v. Yaple, Mahoning App. No. 01-CA-185, 2003-Ohio-695. In Yaple, the appellate court reversed the lower court's determination that Applecrest Village failed to take reasonable efforts to re-rent a prematurely vacated suite. However, unlike this case, Applecrest Village made efforts to rent the vacated suite first before other available apartments. Stumph Road admits it did not do any unit-specific marketing and it made no effort to rent apartments in any order. Stumph Road had a vacancy rate between 15-20% after Suchevits vacated his unit. Stumph Road simply continued its general marketing efforts, which it would have done regardless of Suchevits' actions and this, the trial court determined, was not a reasonable effort to mitigate the loss. The record contains competent, credible evidence that supports the trial court's findings and decision.
 {¶ 20} The trial court did not shift the burden of proving the affirmative defense to Stumph Road. Instead, the trial court specifically found Suchevits met "his burden" of establishing failure to mitigate. The finding was based on testimony in the record that Stumph Road "would accept nothing but full payment under the lease, and that the [subject unit] was possibly never shown to any prospective tenants." By referring to the lack of evidence towards marketing the unit (i.e., general marketing efforts and possible failure to show the unit to prospective tenants, etc.), the lower court was merely weighing the evidence in determining the reasonableness of Stumph Road's efforts to re-rent the unit. There was competent, credible evidence to support the judgment and it was not against the manifest weight of the evidence.
 {¶ 21} Assignments of Error I, II, and III are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and McMonagle, J., Concur.